**Warren R. FORD and all occupants, Appellants,**

v.

**K.T. WHITEHEAD, et al., Appellee.**

No. 04–98–00668–CV.

Court of Appeals of Texas, San Antonio.

March 24, 1999.

Rehearing Overruled May 5, 1999.

Warren R. Ford, San Antonio, pro se.

Robert N. Ray, Law Offices of Robert N. Ray, Inc., San Antonio, for appellee.

Before PHIL HARDBERGER, Chief Justice, TOM RICKHOFF, Justice and KAREN ANGELINI, Justice.

## OPINION

KAREN ANGELINI, Justice.

This appeal arises from a suit brought by Appellee alleging forcible entry and detainer, tried in the probate court. Warren R. Ford appealed the trial court's judgment entered on July 24, 1998, by timely filing a notice of appeal on July 31, 1998. On August 3, 1998, Ford filed an amended notice of appeal to include an affidavit of indigency attesting his inability to pay the court costs. The court reporter contested the affidavit of indigency as untimely under TEX.R.APP. P. 20.1(c). The trial court held a hearing and sustained the court reporter's contest to Ford's affi-davit of indigency based on its finding that the affidavit was filed untimely. Consequently, the Reporter's Record has not been filed in this court. Ford appeals the trial court's order sustaining the court reporter's contest to Ford's affidavit of indigency. This court may review the trial court's denial of a free appellate record by sustaining the contest to Ford's affidavit of indigency. *See In re Arroyo*, 42 Tex. Sup. Ct. J. 64, 64–65, 988 S.W.2d 737, 738–39 (1998).

Under TEX.R.APP. P. 20.1(a), a party may proceed on appeal without advance payment of costs if the party files an affidavit of indigence in compliance with the Rule. Section (c) of TEX.R.APP. P. 20.1 requires the appellant to file the affidavit of indigence *with or before* the notice of appeal. When the trial judge sustains the contest, this court must review this determination for abuse of discretion. *Arevalo v. Millan*, 983 S.W.2d 803, 804 (Tex.App.—Houston [1st Dist.] 1998, n.w.h.); *see also Cronen v. Smith*, 812 S.W.2d 69, 70 (Tex.App.— Houston [1st Dist.] 1991, orig. proceeding). A trial judge abuses his discretion if he acts without reference to any guiding rules or principles, if the facts and law permit only one decision and it is the opposite of the trial judge's decision, or if the judge's ruling is so arbitrary and unreasonable as to be clearly wrong. *Arevalo*, 983 S.W.2d 803, 804.

While seemingly wrapped in technicality, the purpose of the ordered filing under Rule 20.1(c) appears to be a holdover from the previous rules of appellate procedure which required an appellant to file a cost bond, cash deposit, or affidavit of inability to pay costs on appeal to perfect an appeal. *See* TEX.R.APP. P. 40(a)(1)(amended Sept. 1, 1997). The appellant was also required to give notice to the court reporter of the filing of an affidavit of inability to pay costs, while the amended ruled does not require such notice to be given. *See* TEX. R.APP. P. 40(a)(3)(B)(amended Sept. 1,

1997); *see also* Tex.R.App. P. 20.1. The previous requirements that appellant file an affidavit of indigency and serve the court reporter with notice of such filing were intended to allow the court reporter and appellee sufficient opportunity to timely file written contest. *See In re C.M.G,* 883 S.W.2d 411, 413 (Tex.App.—Austin 1994, no writ). This purpose apparently still holds true under the amended rule, even without the requirement of payment of cost bond or cash deposit to perfect an appeal. Regardless of the purpose or effect of Rule 20.1(c), or the seeming technicality of such compliance, we are required to ensure adherence to the rule, within the interest of justice and judicial economy.

The procedural posture in this case presents the novel issue whether a party may file an amended notice of appeal, adding only a previously omitted affidavit of indigency, to effect compliance with Rule 20.1(c). We hold that a party cannot. Rule 20.1(c) strictly requires that an appellant file an affidavit of indigency with or before the notice of appeal. Such allowance would give rise to circumvention of the prescribed ordered filing under Rule 20.1(c).

Ford filed a notice of appeal on July 31, 1998. Ford omitted his affidavit of indigency. Ford's amended notice of appeal, filed on August 3, 1998, to include the affidavit, was ineffective to feign compliance with Rule 20.1(c). Accordingly, we affirm the trial court's order sustaining the court reporter's contest to Ford's affidavit of indigency because the affidavit was untimely filed.

Dissenting opinion by: TOM RICKHOFF, Justice.

TOM RICKHOFF, Justice, dissenting.

Given the posture of the Texas Rules of Appellate Procedure in favor of the resolution of appeals on the merits, *see* Final approval of Revisions to the Texas Rules of Appellate Procedure § 8 (Vernon Supp. 1998), reinforced by the spirit of lenity embodied in the supreme court's decision in *Verburgt v. Dorner,* 959 S.W.2d 615 (Tex.1997), I believe Ford should have been given the opportunity to amend his notice of appeal. Since the judgment call here invites equity, and the underlying cause of action involves an eviction, I respectfully dissent.