PENNINGTON V CHERRY



NO. 07-01-0271-CV



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL A



JULY 18, 2001



______________________________




GUARDIANSHIP OF CHRISTOPHER TODD TONEY,


AN INCAPACITATED PERSON



_________________________________



FROM THE COUNTY COURT OF RANDALL COUNTY;



NO. 13,674; HONORABLE TED WOOD, JUDGE



_______________________________



Before BOYD, C.J., and REAVIS and JOHNSON, JJ.

ORDER ON MOTION TO PROCEED AS INDIGENT

 In this proceeding, Gloria Toney seeks to appeal an order removing her as guardian
of Christopher Todd Toney. In pursuance of that appeal, she has filed a motion seeking
permission to prosecute this appeal as an indigent and an affidavit of indigence. We
overrule her motion.

 The order from which appeal is brought was rendered June 21, 2001. Appellant
filed her notice of appeal on June 27, 2001. She did not file her affidavit of indigence or
motion to proceed as an indigent until July 9, 2001. No contest to that affidavit was filed.

 A party's right to proceed as an indigent is governed by Rule 20.1 of the Rules of
Appellate Procedure. Section (c)(1) of that rule provides that in an appeal, the affidavit of
indigence must be filed "with or before the notice of appeal." This requirement has been
construed strictly, even precluding the filing of an affidavit with an amended notice of
appeal. Ford v. Whitehead, 2 S.W.3d 304, 306 (Tex.App.--San Antonio 1999, no writ). 
We find the deadline for filing an affidavit of indigence set out in Rule 20.1(c) is mandatory
and its subsequent filing is ineffective. Moreover, appellant's affidavit does not fully
comply with Rule 20.1 in that it does not recite the amount of costs she could pay, Rule
20.1(b), or her ability to obtain a loan for the costs, Rule 20.1(b)(9). Appellant's motion is
overruled.

 Per Curiam

Do not publish.



 



(2) trial counsel provided
ineffective assistance of counsel. After discussing the potential grounds, counsel concedes
no reversible error is presented.

 At a pretrial hearing, Officer Darrin Opaitz, Corporal Joe Neinest, and a confidential
informant testified about four buys made by the informant from appellant's residence prior
to execution of the search warrant. The evidence established that on one occasion, a
juvenile sold the informant narcotics and that another female, Mary Baker, was also present
during the transactions. However, the evidence also showed that all transactions were
completed at appellant's residence while she was present and at her direction. 

 The State requested admission of the extraneous offenses to show appellant's
knowledge, intent, identity, and common scheme or plan. See Tex. R. Evid. 404(b). 
Defense counsel objected that the extraneous offenses constituted separate offenses that
were irrelevant to the charged offense. He requested that the trial court exclude them
under Rule 403 of the Texas Rules of Evidence. Despite counsel's objections, the trial
court found that the danger of unfair prejudice of the extraneous offenses did not
substantially outweigh the probative value and admitted them.

 A trial court's evidentiary rulings are reviewed for abuse of discretion. Martin v.
State, 173 S.W.3d 463, 467 (Tex.Cr.App. 2005) ( citing Sauceda v. State, 129 S.W.3d 116,
120 (Tex.Cr.App. 2004)). Rule 404(b) of the Texas Rules of Evidence provides that
evidence of other crimes, wrongs, or acts is inadmissible to prove the character of the
accused in order to show that he acted in conformity therewith on a particular occasion. 
Tex. R. Evid. 404(b); Abdnor v. State, 871 S.W.2d 726, 738 (Tex.Cr.App. 1994). The rule
further provides however, that evidence of other crimes, wrongs, or acts may be admissible
for other purposes, such as proof of motive, opportunity, intent, preparation, plan,
knowledge, identity, or absence of mistake. Tex. R. Evid. 404(b). 

 Extraneous offense evidence is admissible if it is relevant to a fact of consequence
in the case apart from its tendency to prove conduct in conformity with character and if its
probative value is not substantially outweighed by unfair prejudice. Martin, 173 S.W.3d at
467. We will uphold a trial court's ruling as long as it is within the zone of reasonable
disagreement. Montgomery v. State, 810 S.W.2d 372, 391 (Tex.Cr.App. 1990) (on reh'g). 

 The relevant criteria in determining whether the prejudice of an extraneous offense
outweighs its probative value include:

 (1) how compellingly the extraneous offense evidence serves to make a fact
of consequence more or less probable--a factor which is related to the
strength of the evidence presented by the proponent to show the defendant
in fact committed the extraneous offense;


 (2) the potential the other offense evidence has to impress the jury "in some
irrational but nevertheless indelible way";


 (3) the time the proponent will need to develop the evidence, during which
the jury will be distracted from consideration of the indicted offense;


 (4) the force of the proponent's need for this evidence to prove a fact of
consequence, i.e., does the proponent have other probative evidence
available to him to help establish this fact, and is this fact related to an issue
in dispute.



Wyatt v. State, 23 S.W.3d 18, 26 (Tex.Cr.App. 2000).

 Officer Opaitz testified that to obtain a search warrant based on a tip, it is sometimes
necessary to conduct an investigation and build a case. The use of an informant or an
undercover officer in making controlled buys accomplishes that objective. The fact that four
extraneous transactions were introduced assisted the State as the proponent of the
evidence to prove a fact of consequence-appellant was directing the sale of cocaine even
though one sale was completed by a juvenile, and another adult female was involved in
some of the transactions. 

 The State dedicated a significant amount of time to developing evidence of the
extraneous offenses; however, the offenses were not distracting to the jury. The evidence
assisted the jury in establishing appellant's motive, intent, preparation, plan, and knowledge
in distributing cocaine. "An offense is not tried in a vacuum," and a jury is entitled to know
all relevant surrounding facts and circumstances of the charged offense. Id. at 25 (citing
Moreno v. State, 721 S.W.2d 295, 301 (Tex.Cr.App. 1986)). Additionally, same transaction
contextual evidence may be admissible where several offense are so intertwined or
connected that they "form an indivisible criminal transaction . . . ." Rogers v. State, 853
S.W.2d 29, 33 (Tex.Cr.App. 1993). 

 Evidence of the four extraneous buys was not introduced to prove appellant's
character or that she acted in conformity therewith. The State was attempting to show that
she was a street level dealer in a hierarchy. We agree with counsel that the trial court's
ruling in admitting the extraneous offenses was within the zone of reasonable disagreement
and will not disturb its decision.

 Counsel's second arguable ground is directed at ineffective assistance of counsel. 
Ineffectiveness is reviewed under the standard set out in Strickland v. Washington, 466
U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Under Strickland, a defendant must
establish that (1) counsel's performance was deficient (i.e., fell below an objective standard
of reasonableness), and (2) there is a reasonable probability that but for counsel's deficient
performance, the result of the proceeding would have been different, a reasonable
probability being a probability sufficient to undermine confidence in the outcome. Rylander
v. State, 101 S.W.3d 107, 110 (Tex.Cr.App. 2003); see also Hernandez v. State, 726
S.W.2d 53, 55 (Tex.Cr.App. 1986). In other words, appellant must demonstrate by a
preponderance of the evidence that the deficient performance prejudiced his defense. 
Mitchell v. State, 68 S.W.3d 640, 642 (Tex.Cr.App. 2002); Thompson v. State, 9 S.W.3d
808, 813 (Tex.Cr.App. 1999). Failure to make the required showing of either deficient
performance or sufficient prejudice defeats the ineffectiveness claim. Thompson, 9 S.W.3d
at 814 (citing Strickland, 466 U.S. at 700).

 The adequacy of defense counsel's assistance is based upon the totality of the
representation rather than by isolated acts or omissions of trial counsel. Id. Although the
constitutional right to counsel ensures the right to reasonably effective counsel, it does not
guarantee errorless counsel whose competency or accuracy of representation is to be
judged by hindsight. Ingham v. State, 679 S.W.2d 503, 509 (Tex.Cr.App. 1984); see also
Ex Parte Kunkle, 852 S.W.2d 499, 505 (Tex.Cr.App. 1993). Appellate review of trial
counsel's representation is highly deferential and presumes that counsel's conduct fell
within the wide range of reasonable and professional representation. See Andrews v.
State, 159 S.W.3d 98, 101 (Tex.Cr.App. 2005); Bone v. State, 77 S.W.3d 828, 833
(Tex.Cr.App. 2002). To defeat the presumption of reasonable professional assistance,
any allegation of ineffectiveness must be firmly founded in the record. Thompson, 9
S.W.3d at 813-14. 

 Defense counsel filed numerous pretrial motions which were granted. At the pretrial
hearing on admissibility of extraneous offenses, defense counsel conducted effective
cross-examination of the witnesses and lodged objections pursuant to Rules 404(b) and
403 of the Texas Rules of Evidence. Counsel also challenged the relevance of the
extraneous offenses as being separate transactions unrelated to the elements of the
charged offense. During the trial on the merits he vigorously cross-examined the
witnesses, attempted to discredit the confidential informant, and tried to show the narcotics
belonged to another female who was present during the buys by the confidential informant. 
Counsel also made pertinent objections throughout the trial. Based on the record before
us, counsel's performance fell within the wide range of reasonable and professional
representation defeating any potential claim of ineffectiveness.

 We have also made an independent examination of the entire record to determine
whether there are any arguable grounds which might support the appeal. See Penson
v. Ohio, 488 U.S. 75, 109 S.Ct. 346, 102 L.Ed.2d 300 (1988); Stafford v. State, 813
S.W.2d 503, 511 (Tex.Cr.App. 1991). We have found no such grounds and agree with
counsel that the appeal is frivolous. Currie v. State, 516 S.W.2d 684 (Tex.Cr.App. 1974);
Lacy v. State, 477 S.W.2d 577, 578 (Tex.Cr.App. 1972).

 Accordingly, counsel's motion to withdraw is granted and the trial court's judgment
is affirmed.

 Don H. Reavis

 Justice


Do not publish.
1. Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967).
2. According to a police officer, a buy/walk transaction involves the use of an informant
or undercover officer to purchase narcotics from a street-level dealer.