NO. 07-02-0120-CV



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL E



DECEMBER 3, 2002



______________________________




JOSE O. MARTINEZ, SR., APPELLANT



V.



DAVID MARTINEZ, APPELLEE




_________________________________



FROM THE 286TH DISTRICT COURT OF HOCKLEY COUNTY;



NO. 01-08-18502; HONORABLE ANDY KUPPER, JUDGE



_______________________________



Before REAVIS and JOHNSON, JJ., and BOYD, S.J. (1)

 On March 11, 2002, appellant Jose O. Martinez, Sr. ("Jose") filed a Notice of Appeal
with the clerk of the 286th District Court of Hockley County (the trial clerk). The Notice
specified an appeal from an Order of Dismissal entered by the trial court in Cause No. 01-08-18502 in the 286th District Court. The clerk of this court (the appellate clerk) received
a copy of the Notice of Appeal on March 11th. 

 Jose did not file an affidavit of indigence for appeal either before or at the time he
filed his notice of appeal, although in August, 2001, shortly after the filing of his lawsuit, he
filed an Affidavit of Inability to Pay Costs. By letter dated March 11, 2002, the appellate
clerk advised Jose that a filing fee had not been received, see Tex. R. App. P. 5, nor had
a docketing statement been filed. See Tex. R. App. P. 32.1. The clerk's letter likewise
advised that no further action would be taken on the appeal by this Court until a filing fee
had been paid and that failure to pay the filing fee may result in dismissal of the appeal. 
See Tex. R. App. P. 42.3. 

 The filing fee was not paid. Instead, Jose filed with the appellate clerk (1) a
docketing statement which did not claim that he had filed an affidavit of indigency in the
trial court, and (2) an Application to Proceed in Forma Pauperis. He did not file a motion
for extension of time in compliance with Tex. R. App. P. 10.5(b). See Tex. R. App. P.
20.1(c)(3). Jose did not file the Application to Proceed in Forma Pauperis or a motion for
extension of time in the trial court, although the trial court clerk's record has been filed
without Jose having paid for it. The trial court clerk's record does not contain an affidavit
of indigency in connection with Jose's appeal from the February 19, 2002, order dismissing
his suit, as we have previously noted. 

 By letter dated September 6, 2002, the appellate clerk advised Jose that neither the
trial court clerk's record nor the appellate clerk's record contained a timely filed affidavit of
indigence, and that if the appellate filing fee was not paid on or before September 30,
2002, the appeal would be dismissed. The filing fee has not been paid. 

 Filing an affidavit of inability to pay trial court costs does not comply with the
requirement that, for appeal, an affidavit of indigency be filed in accordance with Tex. R.
App. P. 20.1. See Holt v. F.F. Enterprises, 990 S.W.2d 756, 758 (Tex.App.--Amarillo
1998, pet. denied). Failure to timely file an affidavit of indigence or a motion for extension
of time to file the affidavit precludes appeal without the payment of costs. See Ford v.
Whitehead, 2 S.W.3d 304, 306 (Tex.App.--San Antonio 1999, no pet.); Holt, 990 S.W.2d
at 758-59. 

 Jose did not timely file an affidavit of indigency in connection with his appeal. He
did not file a motion to extend time for filing such an affidavit. The appellate filing fee has
not been paid. Even though Jose is proceeding pro se, he is bound by the same rules of
procedure which bind all litigants, whether or not represented by counsel. See Holt, 990
S.W.2d at 759. 

 The appeal is dismissed. See Tex. R. App. P. 42.3.


 Phil Johnson

 Justice





Do not publish.
1. John T. Boyd, Chief Justice (Ret.), Seventh Court of Appeals, sitting by
assignment.



Priority="63" SemiHidden="false"
 UnhideWhenUsed="false" Name="Medium Shading 1"/>
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 









NO. 07-10-0010-CV

 

IN THE COURT OF APPEALS

 

FOR THE SEVENTH DISTRICT OF TEXAS

 

AT AMARILLO

 

PANEL E

 

MARCH 1, 2010

_____________________________

 

JOHNNY RODRIGUEZ, JR., 

 

                                                                                                            Appellant

 

v.

 

JOHN LEZA, 

 

                                                                                                            Appellee

_________________________________

 

FROM THE 237THTH DISTRICT
COURT OFLUBBOCK COUNTY;

 

NO. 2005-532,015; HON. LES HATCH,
PRESIDING

_______________________________

 

Order
of Dismissal and For Sanctions

_______________________________

 

Before
QUINN, C.J., PIRTLE, J., and BOYD, S.J.[1]

            Pending
before us is the motion of John Leza to dismiss this
appeal for want of jurisdiction.  He
further requests sanctions against Rodriguez for attempting to perfect it.  We grant the motion.

            Rodriguez
appeals from a partial summary judgment entered in the cause.  This is not his first time to do so,
however.  His prior effort ended in a
dismissal for want of jurisdiction on October 5, 2006.  We dismissed that appeal because the Order
Granting Partial Motion for Summary Judgment did not dispose of all
claims.  In particular,
the order failed to dispose of Rodriguez counterclaim for attorneys fees.  That same counterclaim remained pending for
disposition at the time Rodriguez initiated this appeal via a notice filed on
October 15, 2009.  Thereafter, Rodriguez also
filed pleadings in the trial court requesting declaratory relief and breach of
contract against Leza.  So, not only does the matter which prevented
us from exercising jurisdiction before still require disposition, so too do the
additional claims Rodriguez pled since then. 
In the absence of a final judgment or order in this cause, see Crites
v. Collins, 284 S.W.3d 839, 840-41(Tex. 2009) (defining a final judgment as
one that disposes of all claims made by all parties), or an order severing the
partial summary judgment from the remaining claims, we still have no
jurisdiction to entertain the appeal.

            Regarding
Lezas prayer for damages in the form of attorneys
fees, authority permits us to award each prevailing party just damages should
the appeal be deemed frivolous.  Tex. R. App. P. 45.  Appealing the same
partial summary judgment without removing that obstacle which we expressly
noted as preventing us from exercising jurisdiction before causes us
concern.  This is so because an appeal is
frivolous when there exists no reasonable grounds to
believe the judgment would be reversed.  Keith v. Solls,
256 S.W.3d 912, 919-20 (Tex. App.Dallas
2008, no pet.).  Without Rodriguez
removing the aforementioned obstacle, one cannot say he had reasonable grounds
to believe that the partial summary judgment would be reversed if he appealed
once again.  Nor did his adding
additional, unresolved causes of action to his counterclaim provide those
missing grounds.  Thus, we conclude that
the appeal was frivolous and that Leza should be
awarded his damages in the form of attorneys fees incurred in seeking
dismissal of the appeal.  The amount of
the fees sought, $460, was attested to be reasonable and necessary by Lezas counsel.  

            Accordingly,
we dismiss the appeal for want of jurisdiction and order Johnny Rodriguez, Jr.
to pay John Leza the sum of $460 as damages for
initiating a frivolous appeal.

 

Brian Quinn  

                                                                                    Chief Justice











[1]John T. Boyd, Chief Justice (Ret.),
Seventh Court of Appeals, sitting by assignment.  Tex. Govt Code Ann. §75.002(a)(1)
(Vernon Supp. 2004).