NO. 07-02-0120-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL E

DECEMBER 3, 2002

_____

JOSE O. MARTINEZ, SR., APPELLANT

V.

DAVID MARTINEZ, APPELLEE

_____

FROM THE 286TH DISTRICT COURT OF HOCKLEY COUNTY;

NO. 01-08-18502; HONORABLE ANDY KUPPER, JUDGE

_____

Before REAVIS and JOHNSON, JJ., and BOYD, S.J.[1]

On March 11, 2002, appellant Jose O. Martinez, Sr. ("Jose") filed a Notice of Appeal with the clerk of the 286th District Court of Hockley County (the trial clerk). The Notice specified an appeal from an Order of Dismissal entered by the trial court in Cause No. 01-08-18502 in the 286th District Court. The clerk of this court (the appellate clerk) received a copy of the Notice of Appeal on March 11th.

---

[1]John T. Boyd, Chief Justice (Ret.), Seventh Court of Appeals, sitting by assignment.

Jose did not file an affidavit of indigence for appeal either before or at the time he filed his notice of appeal, although in August, 2001, shortly after the filing of his lawsuit, he filed an Affidavit of Inability to Pay Costs. By letter dated March 11, 2002, the appellate clerk advised Jose that a filing fee had not been received, see TEX. R. APP. P. 5, nor had a docketing statement been filed. See TEX. R. APP. P. 32.1. The clerk's letter likewise advised that no further action would be taken on the appeal by this Court until a filing fee had been paid and that failure to pay the filing fee may result in dismissal of the appeal. See TEX. R. APP. P. 42.3.

The filing fee was not paid. Instead, Jose filed with the appellate clerk (1) a docketing statement which did not claim that he had filed an affidavit of indigency in the trial court, and (2) an Application to Proceed in Forma Pauperis. He did not file a motion for extension of time in compliance with TEX. R. APP. P. 10.5(b). See TEX. R. APP. P. 20.1(c)(3). Jose did not file the Application to Proceed in Forma Pauperis or a motion for extension of time in the trial court, although the trial court clerk's record has been filed without Jose having paid for it. The trial court clerk's record does not contain an affidavit of indigency in connection with Jose's appeal from the February 19, 2002, order dismissing his suit, as we have previously noted.

By letter dated September 6, 2002, the appellate clerk advised Jose that neither the trial court clerk's record nor the appellate clerk's record contained a timely filed affidavit of indigence, and that if the appellate filing fee was not paid on or before September 30, 2002, the appeal would be dismissed. The filing fee has not been paid.

2

Filing an affidavit of inability to pay trial court costs does not comply with the requirement that, for appeal, an affidavit of indigency be filed in accordance with TEX. R. APP. P. 20.1. See Holt v. F.F. Enterprises, 990 S.W.2d 756, 758 (Tex.App.--Amarillo 1998, pet. denied). Failure to timely file an affidavit of indigence or a motion for extension of time to file the affidavit precludes appeal without the payment of costs. See Ford v. Whitehead, 2 S.W.3d 304, 306 (Tex.App.--San Antonio 1999, no pet.); Holt, 990 S.W.2d at 758-59.

Jose did not timely file an affidavit of indigency in connection with his appeal. He did not file a motion to extend time for filing such an affidavit. The appellate filing fee has not been paid. Even though Jose is proceeding *pro se*, he is bound by the same rules of procedure which bind all litigants, whether or not represented by counsel. See Holt, 990 S.W.2d at 759.

The appeal is dismissed. See TEX. R. APP. P. 42.3.


                                        Phil Johnson
                                        Justice



Do not publish.