NO. 07-02-0120-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL E

DECEMBER 3, 2002

______________________________

JOSE O. MARTINEZ, SR., APPELLANT

V.

DAVID MARTINEZ, APPELLEE

_________________________________

FROM THE 286
TH
 DISTRICT COURT OF HOCKLEY COUNTY;

NO. 01-08-18502; HONORABLE ANDY KUPPER, JUDGE

_______________________________

Before REAVIS and JOHNSON, JJ., and BOYD, S.J.
(footnote: 1)
 On March 11, 2002, appellant Jose O. Martinez, Sr. (“Jose”) filed a Notice of Appeal with the clerk of the 286
th
 District Court of Hockley County (the trial clerk).  The Notice specified an appeal from an Order of Dismissal entered by the trial court in Cause No. 01-08-18502 in the 286
th
 District Court.  The clerk of this court (the appellate clerk) received a copy of the Notice of Appeal on March 11th
.  

Jose did not file an affidavit of indigence for appeal either before or at the time he filed his notice of appeal, although in August, 2001, shortly after the filing of his lawsuit, he filed an Affidavit of Inability to Pay Costs.  By letter dated March 11, 2002, the appellate clerk advised Jose that a filing fee had not been received, 
see
 
Tex. R. App. P
. 5, nor had a docketing statement been filed.  
See
 
Tex. R. App. P
. 32.1.  The clerk’s letter likewise advised that no further action would be taken on the appeal by this Court until a filing fee had been paid and that failure to pay the filing fee may result in dismissal of the appeal.  
See
 
Tex. R. App. P
. 42.3. 

The filing fee was not paid.  Instead, Jose filed with the appellate clerk (1) a docketing statement which did not claim that he had filed an affidavit of indigency in the trial court, and (2) an Application to Proceed in Forma Pauperis.  He did not file a motion for extension of time in compliance with 
Tex. R. App. P.
 10.5(b).  
See
 
Tex. R. App. P
. 20.1(c)(3).  Jose did not file the Application to Proceed in Forma Pauperis or a motion for extension of time in the trial court, although the trial court clerk’s record has been filed without Jose having paid for it.  The trial court clerk’s record does not contain an affidavit of indigency in connection with Jose’s appeal from the February 19, 2002, order dismissing his suit, as we have previously noted.  

By letter dated September 6, 2002, the appellate clerk advised 
Jose that neither the trial court clerk’s record nor the appellate clerk’s record contained a timely filed affidavit of indigence, and that if the appellate filing fee was not paid on or before September 30, 2002, the appeal would be dismissed.  The filing fee has not been paid.  

Filing an affidavit of inability to pay trial court costs does not comply with the requirement that, for appeal, an affidavit of indigency be filed in accordance with 
Tex. R. App. P
. 20.1.   
See
 
Holt v. F.F. Enterprises
, 990 S.W.2d 756, 758 (Tex.App.--Amarillo 1998, pet. denied).  Failure to timely file an affidavit of indigence or a motion for extension of time to file the affidavit precludes appeal without the payment of costs.  
See
 
Ford v. Whitehead
, 2 S.W.3d 304, 306 (Tex.App.--San Antonio 1999, no pet.); 
Holt
, 990 S.W.2d at 758-59. 

Jose did not timely file an affidavit of indigency in connection with his appeal.  He did not file a motion to extend time for filing such an affidavit.  The appellate filing fee has not been paid.  Even though Jose is proceeding 
pro se
, he is bound by the same rules of procedure which bind all litigants, whether or not represented by counsel.  
See
 
Holt
, 990 S.W.2d at 759.     

The appeal is dismissed.  
See
 Tex. R. App. P
. 42.3.

Phil Johnson

     Justice

Do not publish.

FOOTNOTES
1:
John T. Boyd, Chief Justice (Ret.), Seventh Court of Appeals, sitting by assignment.