NO. 07-03-0419-CV



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL A



AUGUST 18, 2004



______________________________



IN THE MATTER OF THE MARRIAGE OF 


SHARON MARIE SAYES AND EMMETT CARL SAYES


AND IN THE INTEREST OF C.M.S. AND B.M.S., CHILDREN


_________________________________



FROM THE 181ST DISTRICT COURT OF RANDALL COUNTY;



NO. 48,847-B; HONORABLE JOHN B. BOARD, JUDGE



_______________________________



Before JOHNSON, C.J., and REAVIS and CAMPBELL, JJ.

MEMORANDUM OPINION


 On July 27, 2004, appellant, Emmett Sayes, filed a Motion to Dismiss Appeal
pursuant to Tex. R. App. P. 42.1(a). The motion includes a certificate of conference
indicating that appellee is not opposed to the motion. No response to the motion has been
received. 

 Accordingly, without passing on the merits of the case, appellant's Motion to Dismiss
is granted and the appeal is hereby dismissed. Rule 42.1(a). 

 All costs are assessed to appellant. Having dismissed the appeal at appellant's
request, no motion for rehearing will be entertained, and our mandate will issue forthwith. 


 Phil Johnson

 Chief Justice


 



 that appeal, she has filed a motion seeking
permission to prosecute this appeal as an indigent and an affidavit of indigence. We
overrule her motion.

 The order from which appeal is brought was rendered June 21, 2001. Appellant
filed her notice of appeal on June 27, 2001. She did not file her affidavit of indigence or
motion to proceed as an indigent until July 9, 2001. No contest to that affidavit was filed.

 A party's right to proceed as an indigent is governed by Rule 20.1 of the Rules of
Appellate Procedure. Section (c)(1) of that rule provides that in an appeal, the affidavit of
indigence must be filed "with or before the notice of appeal." This requirement has been
construed strictly, even precluding the filing of an affidavit with an amended notice of
appeal. Ford v. Whitehead, 2 S.W.3d 304, 306 (Tex.App.--San Antonio 1999, no writ). 
We find the deadline for filing an affidavit of indigence set out in Rule 20.1(c) is mandatory
and its subsequent filing is ineffective. Moreover, appellant's affidavit does not fully
comply with Rule 20.1 in that it does not recite the amount of costs she could pay, Rule
20.1(b), or her ability to obtain a loan for the costs, Rule 20.1(b)(9). Appellant's motion is
overruled.

 Per Curiam

Do not publish.