COURT OF APPEALS









COURT
OF APPEALS

EIGHTH
DISTRICT OF TEXAS

EL
PASO, TEXAS

 

JOHNNIE LEE CARTER,                                    )

                                                                              )              
No.  08-06-00031-CV

Appellant,                          )

                                                                              )                    Appeal from the

v.                                                                           )

                                                                              )                 41st District Court

EL PASO COUNTY, TEXAS and                        )

CONSTABLE PETER E. MELENDEZ,               )             of El Paso County, Texas

                                                                              )

Appellees.                          )                 
(TC# 2005-6611)

                                                                              )

 

 

O
P I N I O N

 

Appellant Johnnie
Lee Carter, proceeding pro se, filed a notice of appeal from the trial
court=s order,
but did not pay the $125 filing fee required for the appeal or submit an
affidavit of indigence before or at the time he filed this notice of
appeal.  See Tex.R.App.P. 5; Tex.R.App.P. 20.1; see also Tex.Gov=t Code Ann. ''
51.207, 51.941(a), 101.041 (Vernon 2005). 
By letters dated February 7, 2006 and March 2, 2006, the clerk of this
Court notified Appellant that the filing fee had not been paid and that failure
to pay the filing fee may result in dismissal of the cause pursuant to Tex.R.App.P. 42.3(b) and (c) for want
of prosecution or for failure to comply with the Rules of Appellate Procedure
or with a clerk=s notice
requiring a response or other action within a specific time.








In response to the
notification, Appellant provided a copy of his AAffidavit
of Inability to Give Security for Costs,@
which was filed in the trial court on September 20, 2005, and stated that as an
indigent party, he is not required to pay cost. 
An affidavit of inability to pay trial court costs filed pursuant to Tex.R.Civ.P. 145 does not satisfy the
requirement that for appeal, an affidavit of indigence be filed in accordance
with Rule 20.1.  Holt v. F. F. Enterprises,
990 S.W.2d 756, 758 (Tex.App.--Amarillo 1998, pet. denied).  Appellant did not file a post-judgment
affidavit of indigence with his notice of appeal.  See Tex.R.App.P.
20.1.  Neither did he file a motion for
extension of time to file the affidavit. 
See Tex.R.App.P.
20.1(c)(3).  Failure to timely file an
affidavit of indigence or a motion for extension of time to file the affidavit
precludes appeal without payment of costs. 
See Tex.R.App.P.
20.1; Ford v. Whitehead, 2 S.W.3d 304, 306 (Tex.App.--San Antonio 1999,
no pet.).

Accordingly,
because Appellant did not establish indigence or pay the required filing fee,
we dismiss the appeal.  See Tex.R.App.P. 5 (allowing enforcement of
rule); Tex.R.App.P. 42.3(b),
(c)(involuntary dismissal in civil cases).

 

 

 

April
13, 2006

DAVID WELLINGTON
CHEW, Justice

 

Before Barajas, C.J., McClure, and Chew, JJ.