Form: Dismiss TRAP 42.3






COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

)
GENE GRAY,                                                  )                  No. 08-03-00475-CV
)
                                    Appellant,                        )                             Appeal from
)
v.                                                                          )                  327th District Court
)
ABEL POOLS AND SPAS,                                )                  of El Paso County, Texas
)
                                    Appellee.                          )                  (TC# 2003-1803)

MEMORANDUM OPINION

            Gene Gray, proceeding pro se, attempts to appeal from an order granting final summary
judgment. Finding that Appellant has not paid the $125 filing fee required for appeal and has not
established his indigence for purposes of appeal, we dismiss the appeal.
            The trial court granted summary judgment in favor of Abel Pools and Spas on September 25,
2003, and Gray timely filed notice of appeal. Gray did not, however, file a post-judgment affidavit
of indigence as required by Rule 20.1 of the Rules of Appellate Procedure. Prior to the clerk’s
record being filed, Abel Pools filed a bankruptcy petition on October 7, 2003, and this Court entered
an order abating the appeal because it had been automatically stayed pursuant to 11 U.S.C. §362. 
Because neither Gray nor Abel Pools notified the Court that the bankruptcy proceeding had been
closed on February 10, 2005, the appeal remained abated. Upon finally learning the status of the
bankruptcy, this Court reinstated the appeal on April 13, 2006. On the same date, the Clerk’s Office
notified Gray in writing that he had not paid the $125 filing fee and that failure to pay the filing fee
could result in dismissal of the appeal. Gray responded by asserting that he is “flat broke” providing
a copy of the pauper’s oath he had filed with his original petition in the trial court. 
            Rule 5 provides that a party who is not excused by statute or the Rules of Appellate
Procedure from paying costs must pay--at the time an item is presented for filing--whatever fees are
required by statute or Supreme Court order. Tex.R.App.P. 5. A party who cannot pay the costs in
an appellate court may proceed without advance payment of costs if the party files an affidavit of
indigence with or before the notice of appeal is filed. Tex.R.App.P. 20.1. The pauper’s oath Gray
filed at the time he filed his lawsuit does not satisfy the requirement that, for appeal, an affidavit of
indigence be filed in accordance with Rule 20.1. Holt v. F.F. Enterprises, 990 S.W.2d 756, 758
(Tex.App.--Amarillo 1998, pet. denied). Failure to timely file an affidavit of indigence or a motion
for extension of time to file the affidavit precludes appeal without payment of costs. See
Tex.R.App.P. 20.1; Ford v. Whitehead, 2 S.W.3d 304, 306 (Tex.App.--San Antonio 1999, no pet.). 
Accordingly, because Appellant did not establish indigence or pay the required filing fee, we dismiss
the appeal. See Tex.R.App.P. 5 (allowing enforcement of rule); Tex.R.App.P. 42.3(b), (c)
(involuntary dismissal in civil cases).

August 31, 2006                                                          
                                                                                    ANN CRAWFORD McCLURE, Justice

Before Barajas, C.J., McClure, and Chew, JJ.
(Chew, J., not participating)