Opinion to: SJR TGT SN TJ EVK ERA GCH LCH JB














Opinion issued October 12,
2006






 

 

 

 

 













 

     

 

 

 

 

 

In The

Court of Appeals

For The

First District of Texas

 




 
 
 
 
 
 
 
 
 
 
 
 
 
 
 


 



NO. 01-05-00327-CV

 




 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 


 



AL AUTO A.K.A. ALI YAZDCHI, Appellant

 

V.

 

TRAVELERS INSURANCE COMPANY, HUNG PHAM D/B/A LONG’S
AUTO SALES, STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, BAYOU CITY AUCTION
POOL, INC., STANMAR MOTORS, TEAM FLEET FINANCING CORP., GEICO, CROWN RITE
ENTERPRISES, AHMAD HASSANZAEL D/B/A PAMEER AUTOS, ROBERT’S AUTO SALES, INC., MATTHEW
GRONER D/B/A MATTHEWS AUTO SALES, WINSTON WILMOT D/B/A W. WILMOT & SONS,
ABDEL SAMEY D/B/A HARBORSIDE AUTO SALES, AND ALLSTATE INSURANCE COMPANY,
Appellees

 

 



On Appeal from the 61st District Court

Harris County, Texas

Trial Court Cause No. 2003-38272








 

 



MEMORANDUM OPINION

 

          Appellant, Al Auto a.k.a. Ali Yazdchi
(“Yazdchi”), challenges the trial court’s denial of his request to proceed on
appeal without advance payment of costs pursuant to Texas Rule of Appellate
Procedure 20.1.  We conclude that the
trial court did not abuse its discretion and therefore affirm.

Background

          The
trial court rendered a take-nothing judgment in favor of appellees Travelers
Insurance Company (“Travelers”), State Farm Mutual Automobile Insurance Company
(“State Farm”), GEICO, Allstate Insurance Company (“Allstate”), Hung Pham d/b/a
Long’s Auto Sales (“Long’s”), Bayou City Auction Pool, Inc. (“Bayou City”), and
Matthew Groner d/b/a Matthews Auto Sales (“Matthews”), after a jury found that
they did not engage in any false, misleading, or deceptive act or practice, and
that Yazdchi’s suit was groundless or brought in bad faith or for the purpose
of harassment.[1]  After the trial court denied his motion for
new trial, Yazdchi filed a notice of appeal on March 29, 2005, along with an
affidavit of indigence from his father, Habibolah Yazdchi (“Habibolah”).  The Harris County District Clerk, Travelers, State
Farm, Bayou City, and Matthews timely contested
Yazdchi’s request for a free record on appeal.  See Tex.
R. App. P. 20.1(e).  Following a
hearing, the trial court sustained the contests, finding that Yazdchi “is able
to pay the costs of appeal or any part thereof, or to give security therefor.”

          Yazdchi
filed a second affidavit of indigence—this time his own—on May 6, 2005.  The Harris County District Clerk, State Farm,
Travelers, Bayou City, and Matthews again timely
contested the affidavit.  Following a
hearing, the trial court sustained the contests.

          After
Yazdchi filed notices of appeal from both orders, we directed the trial court
clerk to file a partial record containing those pleadings pertinent to the
trial court’s rulings on the affidavits of indigence.  See In re Arroyo, 988 S.W.2d 737, 739
(Tex.
1998).  We also directed the court
reporter to file a reporter’s record from the hearings on the contests.  See id.  We have received the relevant portions of the
record.

Analysis

Texas Rule of Appellate Procedure 20.1

          Rule
20.1 governs affidavits of indigence.  See
Tex. R. App. P. 20.1.  It allows a party to proceed on appeal
without advance payment of costs if (1) the party files an affidavit of
indigence in compliance with the rule, (2) either the claim of indigence is not
contested or the contest is not sustained, and (3) the party timely files a
notice of appeal.  Tex. R. App. P. 20.1(a)(1)–(3).  The affidavit must identify the party filing
it, state the amount of costs the party can pay, if any, and contain complete
information about the party’s financial condition.  Tex.
R. App. P. 20.1(b).  Specifically,
the affidavit must include:

          (1) the
nature and amount of the party’s current employment income,
government-entitlement income, and other income;

 

          (2) the
income of the party’s spouse and whether that income is available to the party;

 

          (3)
real and personal property the party owns;

 

          (4)
cash the party holds and amounts on deposit that the party may withdraw;

 

          (5) the
party’s other assets;

 

          (6) the
number and relationship to the party of any dependents;

 

          (7) the
nature and amount of the party’s debts;

 

          (8) the
nature and amount of the party’s monthly expenses;

 

          (9) the
party’s ability to obtain a loan for court costs;

 

          (10)
whether an attorney is providing free legal services to the party without a
contingent fee; and

 

          (11)
whether an attorney has agreed to pay or advance court costs.

 

Tex. R. App.
P. 20.1(b)(1)–(11).  The appellant must file the affidavit of
indigence in the trial court “with or before the notice of appeal.”  Tex.
R. App. P. 20.1(c)(1).

Standard of Review

          An
affidavit of indigence may be contested by the district clerk, the court
reporter, or any interested party.  Tex. R. App. P. 20.1(e).  When, as here, there is a contest, the
appellant must prove his indigence.  Tex. R. App. P. 20.1(g); Griffin Indus., Inc. v. Thirteenth Court of
Appeals, 934 S.W.2d 349, 351 (Tex. 1996); Jackson v. Tex.
Bd. of Pardons & Paroles, 178 S.W.3d 272, 275 (Tex.
App.—Houston
[1st Dist.] 2005, no pet.).  At the trial
court level, the test for indigence is whether the appellant shows by a
preponderance of the evidence that he would be unable to pay the costs of
appeal if he “‘really wanted to and made a good faith effort [to] do so.’”  Arevalo v. Millan, 983 S.W.2d 803, 804
(Tex. App.—Houston [1st Dist.] 1998, no pet.) (en banc) (quoting Allred v.
Lowry, 597 S.W.2d 353, 355 (Tex.
1980)).  If the trial court sustains the
contest, we must determine whether the court abused its discretion.  Cronen v. Smith, 812 S.W.2d 69, 70
(Tex. App.—Houston [1st Dist.] 1991, orig. proceeding).  The trial court abuses its discretion when it
acts without reference to any guiding rules or principles; the facts and law
permit only one decision, which is the opposite of the trial court’s decision;
and the trial court’s ruling is so arbitrary and unreasonable as to be clearly
wrong.  Arevalo, 983 S.W.2d at
804.

Habibolah’s Affidavit of Indigence

          The
first affidavit Yazdchi filed in the trial court is not his own—rather, it
details the financial condition of, and is sworn to by, Habibolah, his father.  The trial court, however, “must consider only
the [party]’s personal financial condition, not those of his parents, other
relatives, friends, or employers.”  Rodgers
v. Mitchell, 83 S.W.3d 815, 818 (Tex. App.—Texarkana 2002, no pet.); see
also In re K.C.A., 36 S.W.3d 501, 503 (Tex. 2000) (“Rule 20.1 . . . requires
that ‘the party’ must provide the information by affidavit.”).  As Habibolah is not a party to the underlying
lawsuit, we conclude that the trial court did not abuse its discretion in
sustaining the contests to his affidavit of indigence.

Yazdchi’s Affidavit of Indigence

          Nearly
a month after the trial court sustained the contests to Habibolah’s affidavit,
Yazdchi filed his own affidavit of indigence. 
This affidavit, however, was untimely. 
An appellant must file his affidavit of indigence in the trial court
“with or before the notice of appeal.”  Tex. R. App. P. 20.1(c)(1); see Ford
v. Whitehead, 2 S.W.3d 304, 306 (Tex. App.—San Antonio 1999, no pet.)
(“Rule 20.1(c) strictly requires that an appellant file an affidavit of
indigency with or before the notice of appeal.”).  Yazdchi filed his notice of appeal on March
29, but did not file his affidavit of indigence until May 6.  Nor did he request an extension of time to
file his affidavit “within 15 days after the deadline,” as permitted by Rule
20.1(c)(3).  Tex. R. App. P. 20.1(c)(3). 
When, as here, neither the affidavit of indigence nor the motion for
extension of time (if any) is timely filed, the trial court does not abuse its
discretion by sustaining a contest.[2]  Mikkilineni v. City of Houston, 4
S.W.3d 298, 299 (Tex. App.—Houston [1st Dist.] 1999, pet. denied); Ford,
2 S.W.3d at 306.

          Nor
did the trial court abuse its discretion in finding that Yazdchi is able to pay
the costs of appeal.  During trial, the
court heard evidence that Yazdchi owns his residence, drives a late-model
Lexus, and received hundreds of thousands of dollars in a settlement with the
State.  Though Yazdchi makes a blanket
assertion in his affidavit that he has spent “all the money that [he] was
supposed to get and received in settlement” on his father’s and brother’s
medical expenses, he does not mention anything in the affidavit about his
current income, his vehicle,[3] his
residence, or his ability to obtain a loan, as required by Rule 20.1(b).  See Tex.
R. App. P. 20.1(b) (stating that affidavit must “contain complete
information about” eleven separate aspects of financial status, including,
among other things, nature and amount of party’s current income, real and
personal property party owns, and party’s ability to obtain loan).  Under these circumstances, we cannot say the
trial court abused its discretion in sustaining the contests to Yazdchi’s
affidavit of indigence and denying him a free record on appeal.  See Thomas v. Olympus/Nelson Prop. Mgmt.,
97 S.W.3d 350, 352–53 (Tex. App.—Houston [14th Dist.] 2003,
no pet.) (per curiam) (holding that trial court did not abuse its discretion in
sustaining contests to affidavit of indigence where appellant failed to state
nature and amount of current income, whether he had personal property that he
could use to pay for record, and whether he would be able to obtain loan); In
re Smith, 70 S.W.3d 167, 169 (Tex. App.—San Antonio 2001, no pet.) (holding
that trial court did not abuse its discretion in sustaining contest to
affidavit of indigence where evidence at trial showed that appellant, among
other things, lived in town house and was purposefully unemployed); Arevalo,
983 S.W.2d at 805 (holding that trial court did not abuse its discretion in
denying appellant free record on appeal where “appellant’s affidavit of
indigency did not reveal the existence of her most valuable property, the
Toyota and the jewelry”).

Conclusion

          We
conclude that the trial court did not abuse its discretion in sustaining the
contests to the affidavits of indigence and denying Yazdchi a free record on
appeal.  We therefore affirm the orders
of the trial court and order Yazdchi to pay for, or make arrangements to pay
for, the record in this appeal.  See
Tex. R. App. P. 35.3.  Unless Yazdchi provides the court with proof
of payment for the record within fifteen days of the date of this opinion, we
will dismiss the appeal.  See Tex. R. App. P. 37.3(b), 42.3(c); Arroyo,
988 S.W.2d at 738–39.

                    

                                                          Jane
Bland

                                                          Justice

 

Panel consists of Chief Justice
Radack and Justices Alcala and Bland.











[1] The trial court granted summary judgment in favor of Travelers,
State Farm, GEICO, and Allstate; thus, the jury’s findings pertain to Long’s, Bayou City,
and Matthews.

 

 





[2] We note that the Texas Supreme Court recently
cautioned in Higgins v. Randall County Sheriff’s Office that “the court
of appeals could dismiss the appeal for noncompliance [with Rule 20.1(c)] only
after allowing Higgins a reasonable time to correct this defect.”  193 S.W.3d 898, 899 (Tex. 2006) (per curiam).  Higgins is distinguishable, however,
because in that case there was no contest; rather, five days after Higgins
filed his untimely affidavit of indigence and before any party had the
opportunity to contest it, the appeals court dismissed the appeal for failure
to pay the required filing fee.  See
id. (noting that affidavit of indigence discharges filing-fee requirement
unless contest to it is sustained), rev’g No. 07-05-00004-CV, 2005 WL
148764 (Tex. App.—Amarillo
Jan. 19, 2005) (per curiam).  In
contrast, the trial court in the instant case heard the contests to Yazdchi’s
affidavit of indigence and ultimately sustained them—not only because the
affidavit was untimely, but also because, as we discuss below, Yazdchi is able
to pay the costs of appeal.

 





[3] During the indigence hearing, Yazdchi asserted that
his Lexus, “which th[e trial] court already recognize[d a]s worthless, was [a]
total loss from Travelers.”  The trial court,
however, granted summary judgment in favor of Travelers, and nothing in the
record indicates a finding by the trial court as to the value of the car.