Jonathan **MEEKS**, Appellant,

v.

Gloria **MEEKS**, Appellee.

No. 2–88–224–CV.

Court of Appeals of Texas,
Fort Worth.

Jan. 31, 1990.

Travis E. Alley, Alley & Alley, Fort Worth, for appellant.

Bonnie Cade, Goodman, McClaren & Cade, Arlington, for appellee.

Before HILL, KELTNER and MEYERS, JJ.

OPINION ON APPELLEE'S MOTION
TO DISMISS APPEAL

MEYERS, Justice.

Appellant filed an appeal in this case alleging an order on application for turnover relief was improperly filed by the trial court. Appellant claimed he was denied due process as there was no judgment and no evidence to support the order. Appellant failed to mention the reason there was no supporting evidence was because the order was filed under the wrong cause number; the order should have been filed in a companion case. Instead, appellee informed this court of the situation, caused nunc pro tunc orders to be filed in each case below to correct the clerical error, and filed a motion to dismiss this appeal for want of jurisdiction.

■ We will consider appellee's motion to dismiss even though it was filed more

than thirty days after the transcript was filed. *See* TEX.R.APP.P. 72. We note appellee's mistake in declaring rule 72 *requires* a motion to dismiss be filed more than thirty days after the filing of the transcript. Rule 72 actually provides for a motion to dismiss to be filed within thirty days from the filing of the transcript; but, a motion may be considered by the appellate court if filed outside the thirty-day period.

■ We find the nunc pro tunc orders cured the clerical error in the causes below. However, we do find the nunc pro tunc order entered in cause number 322–97100, the case in which the original order for turnover relief should have been filed but was not, should instead be titled an original order. However, a misnomer is not fatal to a pleading, TEX.R.CIV.P. 71, and we find no reason for it to be fatal to an order as it is clear what effect the nunc pro tunc order was to have. We hold the nunc pro tunc orders entered in each case were effective, and the appellate timetable began running from the date the corrected judgments were signed. TEX.R.APP.P. 5(c).

As the order of which appellant complains was corrected by the filing of the nunc pro tunc order in cause number 322–95499, appellant's complaints are moot. We therefore grant appellee's motion and dismiss the appeal.

■ We must now decide whether to assess damages against the appellant for dilatory tactics, as the appellee requests. Although appellant clearly misrepresented the facts in this case and although the error could have been easily cured had he informed the trial court of the error, we decline to assess additional damages against appellant. Such damages are permitted under TEX.R.APP.P. 84 if conditions warrant, but we cannot say this appeal was taken only for purposes of delay. Thus, no rule 84 damages will be assessed.