William B. PRINCE, Jr., Appellant,

v.

FIRST CITY, TEXAS—HOUSTON, N.A. f/k/a First City Bank of Highland Village; and Collecting Bank, National Association, A Bank in Liquidation, Appellees.

No. 01–91–01462–CV.

Court of Appeals of Texas, Houston (1st Dist.).

April 8, 1993.

Rehearing Denied May 6, 1993.

Gary L. Leonard & Associates, Houston, for appellant.

J. Marcus Hill, John C. Adams, Hill & Hill, Houston, for appellees.

Before COHEN, SAM BASS and JONES, JJ.

1. The relationship between New First City Bank, Collecting Bank, and the entities which preceded them, is discussed in detail in our opinion in

## OPINION

COHEN, Justice.

On November 15, 1990, First City, Texas—Houston, N.A. (formerly known as First City Bank of Highland Village), a subsidiary of First City Bankcorporation of Texas, Inc., a Delaware corporation (New First City Bank), and Collecting Bank, National Association, a bank in liquidation (Collecting Bank)[1] sued appellant, William B. Prince, Jr., for amounts allegedly due to appellees from Prince under a signature credit agreement executed by Prince in 1981 and three promissory notes executed by Prince in 1985, in favor of First City Bank of Highland Village. Prince moved for summary judgment based on the four-year statute of limitations of TEX.CIV.PRAC. & REM.CODE ANN. § 16.004(a)(3) (Vernon 1986). Appellees contended that the applicable statute of limitations was the six-year period provided under 12 U.S.C.A. § 1821(d)(14)(A)(i)(I) (West Pamph.1992), and moved for summary judgment based on the undisputed facts surrounding Prince's execution of the debt instruments in question and his default on those obligations. The trial court granted summary judgment for appellees, and denied Prince's motion. Prince appeals, contending the four-year statute of limitations applies. We reverse and render judgment for Prince.

In their original brief, appellees raise for the first time a jurisdictional issue. Rule 72 of the Texas Rules of Appellate Procedure provides that motions to dismiss for want of jurisdiction are to be made within 30 days after the filing of the transcript. A motion filed outside that time period will nevertheless be considered and ruled upon. *Id.; Meeks v. Meeks,* 783 S.W.2d 823, 823–24 (Tex.App.—Fort Worth 1990, no writ).

The final summary judgment was signed October 23, 1991. Appellant timely filed his "Notice of Appeal and Affidavit in Forma Pauperis" on Friday, November 22, 1991. The certificate of service stated the

*City of Houston v. First City,* 827 S.W.2d 462, 466–67 (Tex.App.—Houston [1st Dist.] 1992, writ denied).

instrument had been sent to opposing counsel by certified mail, but said nothing about service on the court reporter.

■ Rule 40(a)(3)(B) of the Texas Rules of Appellate Procedure requires that "[t]he appellant or his attorney shall give notice of the filing of the affidavit to the opposing party or his attorney and *to the court reporter* of the court where the case was tried within two days after the filing; otherwise, he shall not be entitled to prosecute the appeal without paying the costs or giving security therefor." (Emphasis added.) The record does not show that appellant ever notified the court reporter. We must decide whether that deprives this Court of jurisdiction.

In *Sanders v. Texas Employers Insurance Association*, 775 S.W.2d 762 (Tex. App.—El Paso 1989, no writ), the court held that rule 40(a)(3)(B) "can have no application to a summary judgment appeal such as this." *Id.* at 763. The court stated that "when the [summary] judgment was granted, there had been no trial and no record had been made by the court reporter of any proceedings relevant to this appeal or otherwise." *Id.* Here, the oral hearing held on the summary judgment motion was recorded, was filed, and is cited in appellant's brief. The *Sanders* court also observed that "[t]he purpose of the requirement of notice to the court reporter where a case was tried is to allow the reporter the opportunity to file a timely written contest [to the affidavit of inability to pay costs]." *Id.*

This case is, like *Sanders*, a summary judgment appeal, but it differs from *Sanders* because there is a statement of facts. We conclude that we should apply the rule in *Sanders* here. A statement of facts is not considered in an appeal from a summary judgment, and we will not consider it here. Because we have not considered the statement of facts, it is as though it is not before us, just as it was not before the court in *Sanders*.

■ Appellees also contend that this Court lacks jurisdiction because the affidavit was void. The reasoning underlying this contention is (a) the affidavit shows on its face that G.L. Leonard, who now represents appellant, notarized the affidavit; (b) Leonard is now an "interested party" within the meaning of such authorities as *Terrell v. Chambers*, 630 S.W.2d 800, 802 (Tex.App.—Tyler), *writ ref'd n.r.e. per curiam*, 639 S.W.2d 451 (Tex.1982); (c) an affidavit notarized by an interested party is void, *id.;* and (d) the record indicates that Mr. Leonard was formally or informally representing appellant in this case when he notarized the pauper's affidavit. Appellees conclude that this affidavit is void, or, in the alternative, request that an evidentiary hearing be held in the trial court on the issue of whether Mr. Leonard was indeed, at the time he notarized the affidavit, an interested party.

An evidentiary hearing is unnecessary. Even if Mr. Leonard was an interested party, the affidavit was not thereby rendered void. *See Ryburn v. Moore*, 10 S.W. 393, 394 (Tex.1888) (affidavit of inability to give security for costs made before one of the attorneys for the affiant was not void); *see also Kessler v. Raines*, 566 S.W.2d 333, 335 (Tex.Civ.App.—Dallas 1978, no writ) (distinguishing between notary's ministerial act of administering an oath for an affidavit and notary's quasi-judicial act of taking an acknowledgement of execution of an instrument).

We turn to the merits.

■ Section 1821(d)(14)(A), as it existed on the date appellees filed suit against Prince, provided:

§ 1821. **Statute of limitations for actions brought by conservator or receiver.**

(A) **In general.** Notwithstanding any provision of any contract, the applicable statute of limitations with regard to any action brought by the [Federal Deposit Insurance] Corporation as conservator or receiver shall be—

(i) in the case of any contract claim, the longer of—

(I) the 6–year period beginning on the date the claim accrues; or

(ii) the period applicable under State law[.]

The Federal Deposit Insurance Corporation (FDIC) was never a party in the trial court and has never been a party to this appeal. Moreover, there has never been a conservatorship or receivership for any of (a) appellee First City, Texas—Houston, N.A. (whether under its present or former name); or (b) appellee Collecting Bank; or (c) First City Bankcorporation of Texas, Inc., a Texas corporation, (Old First City Bank), the entity whose reorganization resulted in their creation; or (d) New First City Bank. Appellees' argument for the six-year statute of limitations rests on two premises: (a) the "open bank assistance transaction" that created New First City Bank and Collecting Bank was either in substance a receivership or else a substitute for a receivership, such that those entities should, as successor to the FDIC in what might be called a "constructive receivership," receive the benefit of the six-year statute that applied when the obligations in question ran to the FDIC at an intermediate stage of that constructive receivership, before transfer to appellees, and (b) that Collecting Bank and/or New First City Bank is assuming tasks that would otherwise have been performed by the FDIC, it should have the same power as the FDIC.

In *City of Houston v. First City*, 827 S.W.2d 462 (Tex.App.—Houston [1st Dist.] 1992, writ denied), we faced a similar contention raised by the same entities. There, the issue was whether the provisions of 12 U.S.C. § 1825(b)(3), which apply only to the FDIC when acting as receiver, also apply in favor of entities such as New First City Bank and Collecting Bank. After analyzing the particulars of the transaction which created New First City Bank and Collecting Bank, 827 S.W.2d at 466–67, this Court considered arguments in favor of the application of section 1825(b)(3) in *City of Houston* that were almost identical to the appellees' arguments here for applying section 1821(d)(14)(A)(i)(I). *See* 827 S.W.2d at 477–79. Those arguments ultimately proved unavailing in *City of Houston* and, for the reasons set forth in that opinion, they are equally unavailing here.

We had not decided *City of Houston* when the trial judge granted the appellees' motion for summary judgment. In light of *City of Houston*, the trial judge erred in applying the six-year limitations period of section 1821(d)(14)(A)(i)(I). The four-year limitations period of TEX.CIV.PRAC. & REM. CODE ANN. § 16.004(a)(3) (Vernon 1986) was applicable, and under the undisputed facts of this case, barred appellees' claims against Prince.

We sustain appellant's point of error. The judgment of the trial court is reversed, and judgment is rendered that appellees take nothing on their claims against Prince.