**In the Matter of C.M.G.**

**No. 3-94-303-CV.**

Court of Appeals of Texas, Austin.

Aug. 31, 1994.

---

Pamela Jackson Sigman, Juvenile Public Defender, Austin, for appellant.

Ronald Earle, Dist. Atty., Julie H. Kocurek, Asst. Dist. Atty., Austin, for appellee.

Before POWERS, ABOUSSIE and JONES, JJ.

### *ORDER*

Appellant C.M.G., a juvenile, perfected appeal by filing an affidavit of inability to pay costs of appeal. Tex.R.App.P. 40(a)(3)(A); Tex.Fam.Code Ann. § 56.01(a) (West Supp. 1994) (requirements governing appeal to court of appeals from an order of the juvenile court are as in civil cases generally); *Brenan v. Court of Civil Appeals, Fourteenth Dist.,* 444 S.W.2d 290, 292 (Tex.1968) (minors must post an appeal bond, or a pauper's affidavit in lieu thereof, in addition to notice of appeal). Pursuant to Texas Rule of Appellate Procedure 56(a), the Clerk referred the matter of whether the appeal had been properly perfected to the Court. The issue we must decide is whether C.M.G. failed to provide the required notice of filing the affidavit to the court reporter and so is not entitled to prosecute his appeal without payment of costs. Tex.R.App.P. 40(a)(3)(B) (appellant or his attorney shall give notice of filing of affidavit to opposing party or his attorney and to court reporter of court where case was tried within two days after filing; otherwise, he shall not be entitled to prosecute appeal without paying costs or giving security therefor).

In response to the Clerk's request for any documents showing that appellant gave timely notice to the court reporter, a first supplemental transcript was tendered to the Clerk of this Court on July 27, 1994. Additionally, in a letter dated July 29, 1994, C.M.G.'s counsel, the juvenile public defender, stated:

At least 90% of the juvenile cases are tape recorded. There is no official court reporter present or in charge of this. This specific case was tape recorded. The following practice has developed in juvenile court: after filing the notice of appeal and affidavit, the appellant has to call around to different court reporters and find one who will take the tape and transcribe it before the thirty day deadline for the filing of the Statement of Facts. Our office then files a Motion for Transcript to have Travis County pay the court reporter who agrees to transcribe the tape. I filed a Motion for

Transcript on May 16, 1994 ... and the Order for the transcription of testimony was granted on June 5, 1994.... Travis County has paid or will be paying Betty Haygood, the court reporter who agreed to prepare the statement of facts.

I am not sure how to give a court reporter notice of the Affidavit of Inability when there was not an official court reporter present or in charge of the hearing.

 The "practice" described in the juvenile public defender's letter does not excuse C.M.G. from complying with the Texas Rules of Appellate Procedure. An appellant has until the day he perfects appeal to make a timely written request to the court reporter for a statement of facts. Tex.R.App.P. 53. Thus, in order to timely request a statement of facts, an appellant must make a written request to the court reporter no later than the date on which he files his affidavit of inability. The appellant must give notice of the filing of the affidavit to the court reporter of the court where the case was tried within two days after its filing. Tex. R.App.P. 40(a)(3)(B). When a court reporter other than the official court reporter transcribes the statement of facts, this "transcribing" reporter is also entitled to notice. *See* Tex.R.App.P. 40(a)(3)(C). It appears that if the juvenile public defender locates a transcribing court reporter no later than the day the affidavit of inability is filed, rather than waiting until after it is filed, she could comply with Rule 40(a)(3)(B)'s notice requirement. Accordingly, nothing prevented C.M.G. from complying with Rule 40(a)(3)(B)'s notice requirement.

 The notice requirement in Rule 40(a)(3)(B) is intended to allow the court reporter and appellee the opportunity to file a timely written contest. *Watson v. Hart,* 871 S.W.2d 914, 918 (Tex.App.—Austin 1994, orig. proceeding). Indigency provisions, like other appellate rules, have long been liberally construed in favor of a right of appeal. If the notice sufficiently fulfills the purpose of the rule, the notice requirement is met. *Jones v. Stayman,* 747 S.W.2d 369, 370 (Tex. 1987). *But see Fellowship Missionary Baptist Church v. Sigel,* 749 S.W.2d 186, 188 (Tex.App.—Dallas 1988, no writ) (*Jones*)

should not be read so broadly as to exonerate an appellant's burden to comply with applicable rules of procedure so long as no harm results).

On May 12, 1994, C.M.G. filed his affidavit of inability and a written request for the preparation of the statement of facts. C.M.G.'s counsel, the juvenile public defender, signed the written request. A juvenile public defender is appointed to represent a juvenile only if he is indigent. *See* Tex.Code Crim.Proc.Ann. art. 26.044(f) (West 1989). The only way C.M.G. could perfect an appeal as an indigent is by filing an affidavit of inability. *See* Tex.Fam.Code Ann. § 56.01(a) (West Supp.1994); Tex.R.App.P. 40(a)(1), (a)(3)(A). The question we must decide is whether C.M.G.'s request for a statement of facts signed by the juvenile public defender put the court reporter on notice that C.M.G. was proceeding as an indigent and, thus, that he perfected his appeal by filing an affidavit of inability.

The request was filed with the district clerk. It is directed "TO THE CLERK AND THE COURT REPORTER OF SAID COURT." The certificate of service attached to the request recites that it was served on the District Attorney of the Travis County Juvenile Court but does not recite service to the official court reporter or the court reporter who actually prepared the statement of facts. In *Watson*, this Court said:

> If Rule 40(a)(3)(B) requires notice of the filing of the affidavit to the official court reporter only, and the official court reporter did not transcribe the proceedings for which the statement of facts is requested, she has no interest in contesting the affidavit because she is not the court reporter who will be required to prepare the statement of facts without payment. Conversely, if a substitute court reporter actually transcribed the proceedings and must prepare the statement of facts, she is clearly an interested officer of the court entitled to notice. *See* Tex.R.App.P. 40(a)(3)(C) (interested officer of court may file contest to affidavit within ten days after notice thereof). We understand the purpose of the notice requirement to be to provide the court reporter who transcribed the trial

court proceedings the opportunity to file a contest. We will assume, without deciding, that Rule 40(a)(3)(B) requires an appellant to give timely notice of the filing of an affidavit of inability to all court reporters from whom he will request a statement of facts.

*Watson,* 871 S.W.2d at 918. Nothing in the record suggests that the court reporter who actually transcribed the statement of facts was served with notice that the affidavit was filed or that she otherwise acquired actual notice of the filing. Thus, we cannot say that she had the opportunity to file a timely contest to the affidavit.

Nevertheless, the failure to serve notice of the affidavit of inability to a court reporter is not automatically fatal to an appellant's right to prosecute an appeal by affidavit of inability. *Prince v. First City, Texas—Houston, N.A.,* 853 S.W.2d 691, 693 (Tex.App.—Houston 1993, no writ) (appeal from summary judgment in which no statement of facts was made or requested). We conclude that C.M.G.'s lack of notice to the court reporter does not prevent him from prosecuting his appeal by affidavit of inability because, here, the court reporter did not have an interest in filing a contest.

The court reporter's only interest in filing a contest is monetary; if the contest is sustained, the appellant must pay, or give security for, the costs of appeal to the extent he is able to do so, including the court reporter's fee for transcribing the statement of facts. *See* Tex.R.App.P. 40(a)(3)(F), 46(e). Here, even though the court reporter did not file a contest to C.M.G.'s affidavit of inability, she will be paid for transcribing the statement of facts in this cause. C.M.G. filed a motion for transcript on May 16, 1994, requesting that the cost of obtaining the transcription of the statement of facts be charged to the general funds of Travis County and on June 9th, 1994, the trial court granted the motion and signed an order charging costs against the general funds of Travis County. *See* Tex.Fam.Code Ann. § 56.02(b) & (c) (West Supp.1994). We hold that, under the facts in this cause, C.M.G.'s failure to give the court reporter who transcribed the statement of facts notice that he filed the affidavit

of inability does not prevent him from prosecuting his appeal without paying costs or giving security therefor.

It is so ordered.