TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

NO. 03-97-00284-CV

Jaime Dominguez, Appellant

v.

Stephen H. Smith, District Attorney for the 119th Judicial District, Appellee

FROM THE DISTRICT COURT OF TOM GREEN COUNTY, 119TH JUDICIAL DISTRICT

NO. B-97-0225-C, HONORABLE JOHN E. SUTTON, JUDGE PRESIDING

PER CURIAM

 Appellee Stephen H. Smith moves us to dismiss this appeal on the ground that it was not
properly perfected. Appellant Jaime Dominguez seeks to appeal a trial court judgment signed April 15,
1997. To perfect his appeal, Dominguez timely filed a affidavit of inability to pay on May 15, 1997. See
former Tex. R. App. P. 40(a)(3). (1)

 Former Texas Rule of Appellate Procedure 40(a)(3)(B) requires that the appellant give
notice of the filing of the affidavit of inability to pay to the opposing party and to the court reporter. If the
appellant fails to do so, it may not prosecute the appeal without paying the costs of appeal or giving security
therefor. See former Tex. R. App. P. 40(a)(3)(B); In re V.G., 746 S.W.2d 500, 502 (Tex.
App.--Houston [1st Dist.] 1988, no writ); Bantuelle v. Renfroe, 620 S.W.2d 635, 640 (Tex. Civ.
App.--Dallas 1981, no writ). However, notice to the court reporter may be unnecessary if no court
reporter was present. Sanders v. Employers Ins. Ass'n, 775 S.W.2d 762, 763 (Tex. App.--El Paso
1989, no writ). Further, failure to notice the court reporter may be excused if the court reporter had no
monetary interest in contesting the affidavit. In the Matter of C.M.G., 883 S.W.2d 411, 414 (Tex.
App.--Austin 1994, no writ).

 In this case, the transcript does not show that Dominguez had given the required notice to
either the court reporter or Smith. The Clerk of this Court invited Dominguez to either prove that he had
given the requisite notice or to amend an ineffective affidavit by filing a cost bond or cash deposit. See
Aguirre v. Texas Dep't of Protective & Regulatory Serv., 917 S.W.2d 462, 464 (Tex. App.--Austin
1996, no writ); see also Linwood v. NCNB Tex., 885 S.W.2d 102, 103 (Tex. 1994).

 Dominguez has done neither. We grant Smith's motion to dismiss the appeal for want of
jurisdiction. See former Tex. R. App. P. 60(a)(2); Davis v. Massey, 561 S.W.2d 799, 801 (Tex. 1978). 
We dismiss as moot Smith's motion for extension of time in which to file a brief.

Before Chief Justice Carroll, Justices Jones and Kidd

Dismissed for Want of Jurisdiction on Appellee's Motion

Filed: September 11, 1997

Do Not Publish
1. The Texas Rules of Appellate Procedure were amended by Supreme Court Order of March 20,
1997. The new rules apply to any appeal perfected on or after September 1, 1997. Because this appeal
was perfected on May 15, 1997, the former rules apply.