**Desa WELLS, Appellant,**

v.

**BRETON MILL APARTMENTS, Appellee.**

**No. 07–01–0320–CV.**

Court of Appeals of Texas, Amarillo.

Sept. 21, 2001.

Desa Wells, pro se.

Robert Eldrige Bone, Hoover, Bax & Slovacek, Houston, for appellee.

Before BOYD, C.J., QUINN and REAVIS, JJ.

*ON MOTION FOR REHEARING*

QUINN, Justice.

By an unpublished opinion dated August 28, 2001, this Court dismissed appellant Desa Wells' appeal for failure to pay the required filing fee. Within 15 days of that date, Wells filed a motion requesting that the cause be reinstated and that she be permitted to proceed as an indigent. We treat the motion as one for rehearing.

Through the motion, Wells informs us that she was innocently misled by a lower court clerk into believing that the affidavit of indigency filed with the trial court to obtain leave to appear at trial as an indi-

gent would also serve to establish her indigency for appellate purposes. Furthermore, upon determining that the advice given her was wrong, *see Holt v. F.F. Enterprises,* 990 S.W.2d 756, 757–58 (Tex. App.—Amarillo 1998, pet. denied) (requiring a new or current affidavit of indigence along with the notice of appeal), she tendered a belated affidavit in July of 2001. A copy of the July 2001 affidavit appears of record, and it comports with the requirements of Rule 20.1(b) of the Texas Rules of Appellate Procedure.

One wishing to pursue an appeal as an indigent must file an affidavit of indigence "with or before the notice of appeal." Tex.R.App. Proc. 20.1(c)(1). Furthermore, this requirement must be strictly construed. *Ford v. Whitehead,* 2 S.W.3d 304, 306 (Tex.App.—San Antonio 1999, no writ). Yet, we have the authority to suspend, for good cause, the operation of any rule of appellate procedure save those pertaining to the time for perfecting an appeal. Tex.R.App. Proc. 2. Moreover, it is clear that perfecting an appeal merely entails the filing of a timely notice of appeal. Tex.R.App. Proc. 25.1 (stating that the filing of a notice of appeal invokes the appellate court's jurisdiction). And, if an appeal is perfected and our jurisdiction attaches upon filing of a timely notice, then logic dictates that the tender of an affidavit of indigence or an appropriate filing fee is not a prerequisite to perfection. *In re Arroyo,* 988 S.W.2d 737, 738 (Tex.1998). Similarly, if the tender of neither an affidavit of indigence nor filing fee is a prerequisite to the perfection of an appeal, it follows that the deadlines for tendering either are matters which can be altered under Rule 2. Finally, under the circumstances of this case, we find good cause for invoking Rule 2, suspending the time period set forth in Rule 20.1(c)(1), and accepting Wells' act of filing her affidavit of indigence in July of 2001 as compliance with Rule 20.1.

Accordingly, we vacate our prior order of dismissal and reinstate the cause.