**In the Matter of J.N.L.**

**No. 04–04–00539–CV.**

Court of Appeals of Texas, San Antonio.

Dec. 8, 2004.

James Rickerson, Law Office of James A. Rickerson, Jeffery D. Waren, Law Office of Jeffery D. Waren, San Antonio, for appellant.

Eric R. Turton, Law Office of Eric R. Turton, San Antonio, for appellee.

Sitting: ALMA L. LÓPEZ, Chief Justice CATHERINE STONE, Justice PAUL W. GREEN, Justice SARAH B. DUNCAN, Justice KAREN ANGELINI, Justice SANDEE BRYAN MARION, Justice PHYLIS J. SPEEDLIN, Justice.

## OPINION ON ABATEMENT ORDER

PHYLIS J. SPEEDLIN, Justice.

Appellant, Debra Lopez Liva, perfected her appeal from a judgment signed by the trial court on April 14, 2004, by filing her notice of appeal and a *"pro bono* pauper's oath" with the trial court clerk. The issue we must decide is whether a court reporter may file a contest to an affidavit of indigence outside the ten-day period set forth in Texas Rule of Appellate Procedure 20.1(e) when the record suggests the court reporter was not served with notice of the affidavit by the "trial court clerk" as required by Rule 20.1(d)(1).[1] *See* TEX.R.APP. P. 20.1(e), (d)(1) ("[i]f the affidavit of indigence is filed with the trial court clerk . . ., the clerk must promptly send a copy of the affidavit to the appropriate court reporter").

## BACKGROUND

The procedural history of this appeal is important to the issue we must decide. The underlying suit involves a petition to enforce child support. The trial court signed a judgment on April 14, 2004, and appellant, Liva, filed a motion for new trial. Liva timely filed her notice of appeal from the judgment and a *"pro bono* pauper's oath" with the district clerk on May 20, 2004. *See* TEX.R.APP. P. 20.1(c)(1) ("[a]n appellant must file the affidavit of indigence in the trial court with or before the notice of appeal"). Under Rule 20.1(e), the clerk, court reporter or any party may challenge the claim of indigence by filing a contest in the trial court within ten days after the date the affidavit of indigence was filed in the trial court. TEX.R.APP. P. 20.1(e). The ten-day period in which to file a contest to appellant's claim of indigence therefore began running on May 20 and expired on May 30, 2004.[2] *See* TEX.R.APP. P. 20.1(e). No contest was filed.

Liva, through her attorney, requested the reporter's record in a letter to the court reporter dated June 28, 2004. This was well after the expiration of the ten-day period to challenge the claim of indigence, but within the time for perfecting her appeal. *See* TEX.R.APP. P. 34.6(b)(1). Under Rule 34.6(b)(2), Liva was required to file a copy of her written request for the reporter's record with the trial court clerk, but failed to do so.[3] *See* TEX.R.APP. P.

---

1. Rule 20.1(d) specifically references the "trial court clerk," which is not defined. TEX. R.APP. P. 20.1(d). In Bexar County, all civil district court pleadings, pleas, motions and applications to the court for orders are filed with the centralized office of the district clerk. Therefore, as used in this opinion, the term "trial court clerk" means the Bexar County district clerk's office.

2. Because May 30, 2004, was a Sunday, and May 31, 2004, was a legal holiday, the dead-

line for filing a contest to appellant's claim of indigence was the next working day, June 1, 2004. *See* TEX.R.APP. P. 4.1(a).

3. The failure to file the request for the reporter's record with the trial court clerk does not deprive appellant of the reporter's record, but may explain why the clerk did not send a copy of the pauper's oath to the court reporter. *See* TEX.R.APP. P. 34.6(b)(3).

34.6(b)(2). The clerk's record was filed in this court on July 27, 2004. The reporter's record was due on August 12, 2004, but was not filed. On September 2, 2004, we issued an order stating that the clerk's record contains an uncontested pauper's oath and that neither the reporter's record nor a notice of late record had been filed. Accordingly, we ordered the court reporter to file the reporter's record without prepayment of costs by September 17, 2004. On September 7, 2004, the court reporter filed a letter responding that she never received a copy of the pauper's oath filed by Liva, and the court's order was her first notice that Liva was entitled to a reporter's record without prepayment of costs.

### ANALYSIS

Under the current Texas Rules of Appellate Procedure, it is the duty of the trial court clerk to promptly send a copy of the affidavit of indigence to the court reporter so that the reporter has notice and an opportunity to contest the claim of indigence. *See* TEX.R.APP. P. 20.1(d)(1). In fact, the 1997 amendments to the rules specifically shifted the duty to give the court reporter notice from the appellant to the trial court clerk. *See Ford v. White-head,* 2 S.W.3d 304, 305–06 (Tex.App.-San Antonio 1999, no pet.). This court has previously held that if no contest is filed within the ten-day period prescribed by the current Rule 20.1, the allegations in the affidavit of indigence are "deemed true," and the party is allowed to proceed on appeal without advance payment of costs. *Knowles v. Mack,* No. 04–04–00422–CV, 2004 WL 1835966, at *1 (Tex. App.-San Antonio Aug.18, 2004, no pet. h.); *see In re G.C.,* 22 S.W.3d 932, 933 (Tex. 2000); *see also* TEX.R.APP. P. 20.1(f).

The notice requirement in Rule 20.1(d)(1) is intended to allow the court reporter the opportunity to file a timely written contest to an appellant's claim of indigence. *In the Matter of C.M.G.,* 883 S.W.2d 411, 413 (Tex.App.-Austin 1994, no writ) (applying former Texas Rule of Appellate Procedure 40, predecessor to the current Rule 20.1). The court reporter's only interest in filing a contest is monetary. *Id.* at 414. Here, it appears from the record that the trial court clerk failed to forward a copy of Liva's pauper's oath to the court reporter as required by Rule 20.1(d)(1). There is nothing in the record that suggests the court reporter was served with notice of the pauper's oath, or otherwise acquired actual notice of the filing of the pauper's oath. Liva's June 28, 2004 letter to the court reporter requesting the record does not mention that she previously filed a pauper's oath or that she is seeking a free reporter's record. Based on the record before us, it therefore appears that, through no fault of her own, the court reporter was deprived of the opportunity to file a contest to Liva's claim of indigence, and may sustain a monetary injury by having to provide a reporter's record without prepayment of the costs associated with preparing the record. *C.f., id.* at 414 (court reporter had no monetary interest in filing contest where order had been signed charging cost of transcript to the Travis County general fund).

This case is factually distinguishable from those cases in which a court reporter filed an untimely contest, or the trial court failed to timely sign the order on a contest. *See, e.g., Knowles,* 2004 WL 1835966 at *1 (court reporter filed untimely contest); *In re B.A.C.,* 4 S.W.3d 322, 324 (Tex.App.-Houston [1st Dist.] 1999, pet. dism'd) (same); *In re G.C.,* 22 S.W.3d at 933 (affidavit of indigence deemed true where trial court failed to sign order sustaining contest within ten-day period); *Muecke v. Woodley,* No. 04–03–00347–CV, 2003 WL 22295378, at *1 (Tex.App.-San Antonio Oct.8, 2003, no pet.) (same). Moreover,

this case does not appear to be a situation where notice to the court reporter was given, but received late. *See In re Jones*, 966 S.W.2d 492, 493 (Tex.1998) (orig.proceeding) (holding appellant's attempt to hand-deliver copy of affidavit of indigence to court reporter, and leaving the copy with clerk under bailiff's instructions, was sufficient notice under former Rule 40). Here, the record does not show that the trial court clerk made any attempt to notify the court reporter of Liva's claim of indigence. Accordingly, the court reporter did not merely fail to file a timely contest; rather, she was deprived of notice and of any opportunity to file a timely contest.

Because the unique facts of this case suggest the court reporter was deprived of notice and an opportunity to file a contest to Liva's claim of indigence, we believe good cause exists to suspend the time period for filing a contest set forth in Rule 20.1(e). *See* Tex.R.App. P. 2 ("[o]n a party's motion or on its own initiative an appellate court may—to expedite a decision or for other good cause—suspend a rule's operation in a particular case and order a different procedure ..."); *see, e.g., Wells v. Breton Mill Apartments*, 85 S.W.3d 823, 824 (Tex.App.-Amarillo 2001, no pet.) (suspending time period for filing affidavit of indigence under Rule 20.1(c)(1) where *pro se* appellant was innocently misled by trial court clerk into believing affidavit filed in trial court requesting leave to appear as indigent would establish indigency for appellate purposes). Accordingly, we abate this appeal to the trial court for a hearing on whether the trial court clerk in fact sent a copy of the pauper's oath to the court reporter as required by Rule 20.1(d)(1), or whether the court reporter otherwise had actual notice of the pauper's oath. If the trial court determines that the court reporter was not served with a copy of the pauper's oath, and did not otherwise acquire actual knowledge of the

filing, the court reporter shall be permitted to file an out-of-time contest to Liva's claim of indigence in accordance with the time limits and procedure set forth in Rule 20.1(e). Tex.R.App. P. 20.1(e). If a contest is timely filed, the trial court shall determine the merits of the contest pursuant to Rule 20.1(I). Tex.R.App. P. 20.1(I).

While we understand the 1997 amendment to the Texas Rules of Appellate Procedure placed an additional duty on already busy trial court clerks, we urge all trial court clerks to institute a procedure to ensure that copies of affidavits of indigence are "promptly" sent to the appropriate court reporters so that the court reporters may receive the notice contemplated by the rule. *See* Tex.R.App. P. 20.1(e).

Dissenting opinion by: ALMA L. LÓPEZ, Chief Justice, joined by CATHERINE STONE, Justice.

ALMA L. LÓPEZ, Chief Justice dissenting, joined by CATHERINE STONE, Justice.

While I applaud the majority's effort to assist the court reporter in this case, and am sympathetic that the court reporter may have to produce a record without pay due to a possible omission by a third party, I do not believe Rule 2 should be applied in this circumstance to enlarge the time limit for filing a contest to an affidavit of indigence. If this appeal involved a criminal matter, I would be even more emphatic because the Texas Court of Criminal Appeals has cautioned:

> [W]e think it is clear that using Rule 2(b) to "suspend" or enlarge appellate time limits which regulate the orderly and timely process of moving a case from trial to finality of conviction is overstepping the contemplated uses of Rule 2(b).... Rule 2(b) is in essence an

escape valve to be used by an appellate court when a case becomes unduly stalled or delayed in the appellate process due to procedural rules, and the interests of justice compel speeding up the process; although Rule 2(b) may be used to shorten the time limits when justice so requires, it should not be used as a method to lengthen procedural time limits absent truly extraordinary circumstances, even in an effort to protect the substantive rights of litigants. *Oldham v. State,* 977 S.W.2d 354, 359–60 (Tex.Crim.App.1998). As that court noted in an earlier case, "rule 2(b) does not authorize the retroactive suspension of rules governing events that have already occurred at the trial level before the record has been conveyed to the appellate court." *State v. Garza,* 931 S.W.2d 560, 563 (Tex.Crim.App.1996). Because *Oldham* and *Garza* are decisions in criminal appeals and because the Texas Supreme Court has been more liberal than the Texas Court of Criminal Appeals in its application of the appellate rules, I am comfortable that we can disregard the problematic language in those decisions. *Compare Verburgt v. Dorner,* 959 S.W.2d 615, 617 (Tex.1997) *with Olivo v. State,* 918 S.W.2d 519, 522 (Tex.Crim.App.1996).

In the civil context, however, appellate courts have similarly been unwilling to apply Rule 2 to expand either the trial court's jurisdiction or the appellate court's jurisdiction. *See Kacal v. Cohen,* 13 S.W.3d 900, 901–02 (Tex.App.-Waco 2000, no pet.); *Jauregui Partners, Ltd. v. Grubb & Ellis Commercial Real Estate Servs.,* 960 S.W.2d 334, 336–37 (Tex.App.-Corpus Christi 1997, pet. denied). Although a few appellate courts have been willing to invoke Rule 2 to permit a late filed affidavit of indigence to ensure that an appellant was provided a record on appeal, not all of the judges on one of those courts were in agreement. *See Gonzalez v. Gonzalez,* No. 08–01–00453–CV, 2003 WL 1759587 (Tex. App.-El Paso Apr.3, 2003, no pet.) (not designated for publication); *Wells v. Breton Mill Apts.,* 85 S.W.3d 823, 824 (Tex. App.-Amarillo 2001, no pet.); *see also Gonzalez,* 2003 WL 1759587, at \*5–6 (McClure, J., dissenting). Moreover, applying Rule 2 to ensure that the merits of an appeal are decided with a complete record is vastly different than applying Rule 2 to ensure that a court reporter has the ability to contest an affidavit in an effort to be paid. While in the former context, the application of Rule 2 arguably protects the substantive rights of the appellant by ensuring that the appellate court has a sufficient record to review the merits of the appeal, applying Rule 2 in the latter context only serves the financial motive of a non-party. Although the Texas Supreme Court has instructed us to construe the Rules of Appellate Procedure reasonably, yet liberally, this instruction was in furtherance of the policy of disposing of appeals on their merits. *See Verburgt,* 959 S.W.2d at 616–17.

Applying Rule 2 in this case does not expedite our decision, and I disagree that "good cause" has been shown for suspending Rule 20 in these circumstances. The Texas Supreme Court established time limits in Rule 20 for a reason, and I do not believe Rule 2 should be invoked to suspend its operation in this appeal. Accordingly, I respectfully dissent.