# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-05-00153-CV

### William Lee Jackson, Appellant

### v.

### Melissa D. Shackelford, Appellee

## FROM THE DISTRICT COURT OF TOM GREEN COUNTY, 391ST JUDICIAL DISTRICT
## NO. D-03-0928-C, HONORABLE THOMAS J. GOSSETT, JUDGE PRESIDING

## O P I N I O N

The court reporter has filed a motion to abate this appeal, complaining that she did not receive notice of appellant William Lee Jackson's filing of an affidavit of inability to pay the costs within the period during which challenges can be filed to that affidavit. *See* Tex. R. App. P. 20.1. We will abate this appeal and remand for consideration of whether the court reporter can file a late challenge to Jackson's affidavit of indigence.

Jackson filed his notice of appeal and an affidavit of indigence on January 24, 2005. When, as in this case, the affidavit is filed with the trial court clerk, that clerk is required to promptly send a copy of the affidavit to the court reporter (*see* Tex. R. App. P. 20.1(d)(1)); the record does not indicate whether that occurred. Appellee Melissa Shackelford filed a challenge to the affidavit on February 2, 2005; she demanded that Jackson prove his allegations of indigence, and asserted that he was not entitled to a free reporter's record because his appeal is frivolous. *See* Tex. Civ. Prac.

& Rem. Code Ann. § 13.003(a)(2)(A) (West 2002). The clerk's record does not indicate that the court held a hearing or expressly ruled on the challenge to Jackson's affidavit. When the court does not rule on the challenge, the allegations in the affidavit are taken as true. *See* Tex. R. App. P. 20.1(i)(4). The clerk's record was filed in this Court on March 11, 2005.

Court reporter Debbie Harris filed a motion to abate appeal on April 20, 2005. She attached an affidavit in which she averred that she first learned of Jackson's affidavit when she received a letter from appellant's attorney on April 11, 2005, stating that appellant had been found to be indigent. No parties to the appeal have filed any response to the court reporter's motion.

The rules of appellate procedure permit the parties, the clerk, and the reporter to participate in the determination of whether an appellant should be allowed to proceed without paying for the costs of appeal and the record. *See* Tex. R. App. P. 20.1(e). In this case, however, the only evidence is that the court reporter was not given timely notice that would have allowed her to participate in the prescribed process. *See id.* 20.1(d) (contest due ten days after affidavit filed in trial court). The only evidence before us shows that she filed this motion to abate within ten days of learning of the filing of the affidavit. The challenges she raises differ from those made in the appellee's challenge to the affidavit filed in the trial court. Thus, according to the only evidence in the record, the absence of notice of the affidavit deprived the court reporter of the ability to participate in the affidavit-challenge proceeding that directly affected her pecuniary interests.

The rules permit all parties interested in the preparation of the record to participate in the determination of whether a party can proceed without paying for the costs of appeal and the record. *See* Tex. R. App. P. 20.1(a), (e). On similar facts, the majority of the San Antonio Court of

2

Appeals abated the appeal and remanded the cause for a hearing on issues related to the reporter's challenge to the affidavit of indigence. *See In re J.N.L.*, 158 S.W.3d 527, 529-30 (Tex. App.—San Antonio 2004, no pet. h.). There, the court relied on rule of appellate procedure 2 to allow the out-of-time challenge. *Id*. at 530. *But see id*. at 530-31 (Lopez, C.J., dissenting) (opining that rule 2 should not be applied in this circumstance). We agree with the majority in *J.N.L.* that a court reporter who did not receive formal or actual knowledge of the pauper's oath, as required by rule 20.1(i)(1), should be allowed to file an out-of-time contest to the claim of indigence.[1] *See* Tex. R. App. P. 20.1(i)(1). We would likewise rely on rule 2 to suspend the time limits set forth in rule 20.1(e) and (i). *See* Tex. R. App. P. 2 and 20.1(e), (i).

We abate this appeal to allow the trial court to determine whether the court reporter was served timely with a copy of the pauper's oath or otherwise timely acquired actual knowledge of the filing. If she did not, the trial court must further determine whether, after receiving the letter informing her that appellant had been declared indigent, she filed her motion to abate within the time limits of rule 20.1(e). If the trial court finds that the court reporter is entitled to a hearing, the court shall proceed to determine the merits of the court reporter's challenge to the affidavit, whether the appeal is frivolous, and whether the reporter's record is necessary to the resolution of this appeal from a summary judgment. *See* Tex. R. App. P. 20.2(i)(2)(B); *see also* Tex. Civ. Prac. & Rem. Code Ann. § 13.003(a)(2).

---

[1] Appellee's filing of a timely challenge in this case does not significantly distinguish this case from *J.N.L.* because appellee did not raise the same challenge the court reporter proposes to raise and thus did not protect the reporter's interests.

We abate this appeal to allow the hearing, which shall be held within ten days after the trial court receives this referral, according to the requirements of rule 20.1(i)(2)(b). The parties shall file a motion to reinstate no later than July 11, 2005.

_____

Bea Ann Smith, Justice

Before Chief Justice Law, Justices B. A. Smith and Puryear

Filed:   June 3, 2005