TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-05-00153-CV






William Lee Jackson, Appellant


v.


Melissa D. Shackelford, Appellee







FROM THE DISTRICT COURT OF TOM GREEN COUNTY, 391ST JUDICIAL DISTRICT

NO. D-03-0928-C, HONORABLE THOMAS J. GOSSETT, JUDGE PRESIDING




O P I N I O N



 The court reporter has filed a motion to abate this appeal, complaining that she did
not receive notice of appellant William Lee Jackson's filing of an affidavit of inability to pay the
costs within the period during which challenges can be filed to that affidavit. See Tex. R. App. P.
20.1. We will abate this appeal and remand for consideration of whether the court reporter can file
a late challenge to Jackson's affidavit of indigence.

 Jackson filed his notice of appeal and an affidavit of indigence on January 24, 2005. 
When, as in this case, the affidavit is filed with the trial court clerk, that clerk is required to promptly
send a copy of the affidavit to the court reporter (see Tex. R. App. P. 20.1(d)(1)); the record does not
indicate whether that occurred. Appellee Melissa Shackelford filed a challenge to the affidavit on
February 2, 2005; she demanded that Jackson prove his allegations of indigence, and asserted that
he was not entitled to a free reporter's record because his appeal is frivolous. See Tex. Civ. Prac.
& Rem. Code Ann. § 13.003(a)(2)(A) (West 2002). The clerk's record does not indicate that the
court held a hearing or expressly ruled on the challenge to Jackson's affidavit. When the court does
not rule on the challenge, the allegations in the affidavit are taken as true. See Tex. R. App. P.
20.1(i)(4). The clerk's record was filed in this Court on March 11, 2005.

 Court reporter Debbie Harris filed a motion to abate appeal on April 20, 2005. She
attached an affidavit in which she averred that she first learned of Jackson's affidavit when she
received a letter from appellant's attorney on April 11, 2005, stating that appellant had been found
to be indigent. No parties to the appeal have filed any response to the court reporter's motion.

 The rules of appellate procedure permit the parties, the clerk, and the reporter to
participate in the determination of whether an appellant should be allowed to proceed without paying
for the costs of appeal and the record. See Tex. R. App. P. 20.1(e). In this case, however, the only
evidence is that the court reporter was not given timely notice that would have allowed her to
participate in the prescribed process. See id. 20.1(d) (contest due ten days after affidavit filed in trial
court). The only evidence before us shows that she filed this motion to abate within ten days of
learning of the filing of the affidavit. The challenges she raises differ from those made in the
appellee's challenge to the affidavit filed in the trial court. Thus, according to the only evidence in
the record, the absence of notice of the affidavit deprived the court reporter of the ability to
participate in the affidavit-challenge proceeding that directly affected her pecuniary interests.

 The rules permit all parties interested in the preparation of the record to participate
in the determination of whether a party can proceed without paying for the costs of appeal and the
record. See Tex. R. App. P. 20.1(a), (e). On similar facts, the majority of the San Antonio Court of
Appeals abated the appeal and remanded the cause for a hearing on issues related to the reporter's
challenge to the affidavit of indigence. See In re J.N.L., 158 S.W.3d 527, 529-30 (Tex. App.--San
Antonio 2004, no pet. h.). There, the court relied on rule of appellate procedure 2 to allow the out-of-time challenge. Id. at 530. But see id. at 530-31 (Lopez, C.J., dissenting) (opining that rule 2
should not be applied in this circumstance). We agree with the majority in J.N.L. that a court
reporter who did not receive formal or actual knowledge of the pauper's oath, as required by rule
20.1(i)(1), should be allowed to file an out-of-time contest to the claim of indigence. (1) See Tex. R.
App. P. 20.1(i)(1). We would likewise rely on rule 2 to suspend the time limits set forth in rule
20.1(e) and (i). See Tex. R. App. P. 2 and 20.1(e), (i).

 We abate this appeal to allow the trial court to determine whether the court reporter
was served timely with a copy of the pauper's oath or otherwise timely acquired actual knowledge
of the filing. If she did not, the trial court must further determine whether, after receiving the letter
informing her that appellant had been declared indigent, she filed her motion to abate within the time
limits of rule 20.1(e). If the trial court finds that the court reporter is entitled to a hearing, the court
shall proceed to determine the merits of the court reporter's challenge to the affidavit, whether the
appeal is frivolous, and whether the reporter's record is necessary to the resolution of this appeal
from a summary judgment. See Tex. R. App. P. 20.2(i)(2)(B); see also Tex. Civ. Prac. & Rem. Code
Ann. § 13.003(a)(2).

 We abate this appeal to allow the hearing, which shall be held within ten days after
the trial court receives this referral, according to the requirements of rule 20.1(i)(2)(b). The parties
shall file a motion to reinstate no later than July 11, 2005.



 

 Bea Ann Smith, Justice

Before Chief Justice Law, Justices B. A. Smith and Puryear

Filed: June 3, 2005
1. Appellee's filing of a timely challenge in this case does not significantly distinguish this
case from J.N.L. because appellee did not raise the same challenge the court reporter proposes to
raise and thus did not protect the reporter's interests.