NO. 07-05-0004-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL D

AUGUST 22, 2006

_____

LAWRENCE HIGGINS,

Appellant

v.

RANDALL COUNTY SHERIFFS OFFICE,

Appellee

_____

FROM THE 251ST DISTRICT COURT OF RANDALL COUNTY;

NO. 50,468C; HON. PATRICK A. PIRTLE, PRESIDING

_____

Before QUINN, C.J., and REAVIS and CAMPBELL, JJ.

Lawrence Higgins appealed an order dismissing his suit for want of prosecution. In turn, we dismissed his appeal because Higgins failed to pay the requisite filing fee or file an affidavit of indigency that complied with Texas Rule of Appellate Procedure 20.1. In turn, the Texas Supreme Court reversed our judgment of dismissal for several reasons. First, it reiterated that an affidavit of indigency was "no longer a jurisdictional requirement." *Higgins v. Randall County Sheriff's Office*, No. 05-0095 (Tex. May 26, 2006) *citing, In re*

*J.W.*, 52 S.W.3d 730 (Tex. 2001).[1]  Next, it concluded that because Higgins filed an affidavit of indigence, he "corrected the defect" (*i.e.* the omission regarding the payment of the requisite filing fee).[2]  Finally, and though it recognized that a court of appeals "could dismiss the appeal for" "any other formal defect or irregularity in appellate procedure," it concluded that we could not use the deficient nature of the affidavit as a basis of dismissal without first affording Higgins opportunity to amend the instrument.  *Higgins v. Randall County Sheriff's Office*, *supra*.

Upon remand to this court, we directed Higgins, via letter dated July 18, 2006, to reasonably explain why his affidavit of indigence was untimely.[3]  So too did we direct him, via that same missive, "to file an amended affidavit of indigence that complie[d] with Rule of Appellate Procedure 20.1."[4]  Moreover, he was warned that the failure to abide by our directive "may result in dismissal of the appeal."  In response, he informed the court that

[1]*See also Wells v. Breton Mill Apartments*, 85 S.W.3d 823, 824 (Tex. App.–Amarillo 2001, no pet.) (wherein this court also held that neither paying a filing fee or tendering an affidavit of indigence is a jurisdictional prerequisite to perfecting an appeal).  Furthermore, this court did not dismiss the cause on the basis of no jurisdiction.

[2]The Supreme Court did not address whether Higgins remained obligated to seek leave to file a belated affidavit per Texas Rule of Appellate Procedure 20.1(c)(3).  Nor did it address whether the act of filing the affidavit more than 15 days after the applicable deadline either equated such a motion per *Verburgt v. Dorner*, 959 S.W.2d 615, 617 (Tex.1997) or otherwise relieved the affiant from requesting an extension and justifying the need for same.  *See* TEX. R. APP. P. 20.1(c)(3) (granting an appellate court authority to extend the deadline expressed in Rule 20.1(c)(1) if "within 15 days after the deadline for filing the affidavit, the party files . . . a motion complying with Rule 10.5(b)").  The first affidavit of appellant at bar was mailed some ten months after Higgins tendered his notice of appeal and far outside the 15-day window expressed in Rule 20.1(c)(3).

[3]Applicable rule mandates that the affidavit be filed "in the trial court with or before the notice of appeal."  TEX. R. APP. P. 20.1(c)(1).  And, though omitting to tender anything other than a timely notice of appeal does not deprive us of jurisdiction, it nonetheless provides reason to "act appropriately, including *dismissing the appeal,*" according to Rule 25.1(b) of the Texas Rules of Appellate Procedure.  (Emphasis added).

[4]That Higgins knew of Rule 20.1 is evinced by his citation to it in his initial, yet defective, affidavit of indigence submitted in January of 2005.

2

because he had been granted leave to act as a pauper at trial, he purportedly believed that no other action was needed to enjoy like status on appeal. Assuming of course that ignorance of the law constitutes a reasonable explanation for his tardiness, we note that his legal supposition is inaccurate. *See Holt v. F.F. Enterprises,* 990 S.W.2d 756, 758 (Tex. App.–Amarillo 1998, pet. denied) (holding that an appellant seeking to act as a pauper on appeal must comply with Rule 20.1 even though one was filed with the trial court upon initiation of suit); *id.* at 759 (holding that one who represents himself is not relieved from complying with the rules of appellate procedure).[5]

So too were we sent another "Affidavit of Indigence" along with a copy of a letter he sent to the Supreme Court.[6] And, in the former Higgins asserts that he 1) receives no "monies from anywhere," 2) has "no money at this time," and 3) expects no "money in the immediate future." Additionally, the inmate "trust fund" receipt appended to the affidavit and dated July 29, *2005*, illustrates a balance of $0.03.[7] (Emphasis added). Yet, nothing is said of whether he 1) is married, 2) has income available to him through a spouse, 3) owns real or personal property, and 4) has other assets. These and other topics were

---

[5]Given his four other appellate matters including one wherein the United States 5th Circuit Court of Appeals admonished appellant of his abuse of the affidavit of indigence statute, question exists whether he is unaware of the requirements set out in the rules of appellate procedure. *Higgins v. Bennett,* No. 04-20609, 2004 U.S. App. LEXIS 27125 (5th Cir. Dec. 17, 2004); *Higgins v. Woodburn*, No. 07-04-0588-CV, 2005 Tex. App. LEXIS 240 (Tex. App.–Amarillo January 6, 2005, no pet.); *In re Higgins*, No. 07-03-0156-CV, 2003 Tex. App. LEXIS 2823 (Tex. App.–Amarillo April 2, 2003) (orig. proceeding); *In re Higgins*, No. 07-03-0157-CV, 2003 Tex. App. LEXIS 3001 (Tex. App.–Amarillo April 2, 2003) (orig. proceeding).

[6]In the letter he posits that "the Seventh Court of Appeals is ignoring the [Supreme] Courts [sic] cite in its order which states that the affidavit is no longer a requirement." We do not read that court's opinion as relieving him from tendering an affidavit that comports with the rules of appellate procedure. Instead, the court held that while compliance with Rule 20.1 was not jurisdictional, noncompliance could warrant dismissal.

[7]The amount of monies held for him in that account as of the day he initiated his appeal (*i.e.* March 9, 2004), filed his first affidavit (*i.e.* January 10, 2005), or tendered his latest affidavit (*i.e.* July 24, 2006) is unknown.

subjects that Rule 20.1(b) required him to address. TEX. R. APP. P. 20.1(b). And, while the Supreme Court stated in *Higgins* that "'[c]ommon sense tells us that one in [his] circumstances [*i.e.* in prison] had no means of obtaining an arm's length bona fide loan,'" *Higgins v. Randall County Sheriff's Office*, *supra*, common sense would equally compel that being in prison does not necessarily mean that the inmate lacks assets, is financially destitute, or may not need "'an arm's length bona fide loan.'"

Moreover, it is implicit from the Supreme Court's May 26th opinion that though a belated affidavit may be filed, those entitled to contest it under Rule 20.1(e) should still be afforded the chance to do so.[8] *See* TEX. R. APP. P. 20.1(e) (stating that the court clerk, court reporter, and any party to the litigation may challenge the claim of indigence). Yet, without an affidavit addressing the topics specified in Rule 20.1(b), one entitled to contest the claim of indigence lacks sufficient information to meaningfully assess whether to proffer a challenge.

In sum, Higgins again failed to comply with a directive of this court as well as with applicable rules of appellate procedure. This occurred despite our affording him opportunity to do so and notification of the consequences should he not. Moreover, nothing before us depicts any inability on his part to do that which we asked. Given this, we heed the admonition in *Higgins* and dismiss the appeal due to appellant's noncompliance with the "defect and irregularity in appellate procedure." *Higgins v. Randall County Sheriff's Office*, *supra.*

---

[8]We derive this from the court's statement that "[b]ecause an affidavit of indigence discharged the filing-fee requirement *unless a contest to it was sustained* . . . Higgins corrected the defect within the allotted time." (Emphasis added). If it did not intend to afford anyone the chance to dispute the claim of indigence, there was no reason to include the italicized passage within its opinion.

4

Accordingly, the appeal is dismissed.  Tᴇx. R. Aᴘᴘ. P. 25.1(b) & 42.3(c).


Per Curiam